**Hiroshi OKI and Chizuko Oki,**
**Petitioners,**

v.

**IMMIGRATION & NATURALIZATION**
**SERVICE, Respondent.**

No. 78–1126.

United States Court of Appeals,
Ninth Circuit.

May 21, 1979.

---

Lawrence B. Lundberg, Sherrow & Lundberg, Seattle, Wash., for petitioners.

Lauren S. Kahn, Atty., Washington, D. C., for respondent.

Before WRIGHT, WALLACE, Circuit Judges, and PALMIERI *, District Judge.

* Senior District Judge, Southern District of New York.

**PER CURIAM:**

Petitioners, husband and wife, were ordered deported because after they were admitted to the United States as nonimmigrants pursuant to 8 U.S.C. § 1101(a)(15), there was a failure to comply with the conditions required by the status pursuant to which they were admitted. They raise five questions on appeal, three of which merit discussion: (1) Is the government estopped from ordering petitioners' deportation? (2) Were the petitioners denied due process of law at their deportation hearing? and (3) Should the order of deportation be stayed so that petitioners may apply for an adjustment of status? We affirm the deportation orders.

Petitioners, citizens of Japan, entered the United States in 1974, the husband as an exchange student and the wife as the spouse of an exchange student. Whether she may remain in the United States is thus dependent upon the status of her husband.

While attending college, Mr. Oki secured summer employment with Togiak Fisheries, acts not challenged by the Immigration and Naturalization Service (INS). After the summer 1976 employment, he was offered a permanent employment by Togiak. Mr. Oki and a representative of Togiak contacted the INS for permission for the employment of Mr. Oki and were provided with the necessary labor certificate forms. The only form in the record is the employer's request for labor certification titled "Application For Alien Employment Certification" which was filed in February, 1977. Permission for the employment requested was granted subsequent to the deportation order.

Mr. Oki, without the INS permission, began working for Togiak in October, 1976 and continued at least until the time of his deportation hearing on March 1, 1977. Thus, he was clearly in violation of the conditions of his nonimmigrant status.

Petitioners contend that the INS is estopped from asserting the failure to secure the necessary approval prior to the

commencement of work because the INS failed to advise Mr. Oki of that requirement. But it is not the failure to do something which may lead to estoppel against a government agency; the conduct complained about must be an affirmative act. *United States v. Ruby*, 588 F.2d 697, 703–04 (9th Cir. 1978); *Santiago v. Immigration and Naturalization Service*, 526 F.2d 488, 491 (9th Cir. 1975), *cert. denied*, 425 U.S. 971, 48 L.Ed.2d 794 (1976). The failure to advise Mr. Oki that he could not work until permission was received subsequent to filing the necessary forms was clearly not affirmative conduct. We need not reach the question of whether such conduct could be considered misconduct as required for an estoppel against the government.

■ Petitioners claim that their due process rights were violated, contending that their right to examine the evidence against them and to present evidence on their behalf was impermissibly curtailed. 8 C.F.R. § 242.16(a); 8 U.S.C. § 1252(b). Their primary contention is that a representative of Togiak was not allowed to testify concerning whether Mr. Oki's violation was unintentional and technical. The testimony would not have helped petitioners since the government claims only that the violation exists, not that it was willful.

■ Finally, petitioners claim that because the Labor Department ultimately granted Mr. Oki's labor certification, he should be granted a stay during which to apply for adjustment of status. Mr. Oki, however, is statutorily ineligible for adjustment of status. 8 U.S.C. § 1255(c), effective January 1, 1977, provides that such benefits will not be allowed an alien "who hereafter continues in or accepts unauthorized employment prior to filing an application for adjustment of status." Mr. Oki continued to work for Togiak after January 1, 1977, and prior to the filing of an application for adjustment of status and is therefore ineligible.

AFFIRMED.