**Vera Rogers BROOKS, et al.,**
**Plaintiffs-Appellants,**

and

**United States of America, Plaintiff-in-Intervention Appellant,**

v.

**NEZ PERCE COUNTY, IDAHO, et al.,**
**Defendants-Appellees.**

**Nos. 80–3434, 80–3441.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 9, 1981.

Decided March 1, 1982.

Tonia B. Garcia, Boise, Idaho (argued), for Brooks; Richard B. Collins, Boulder, Colo., on brief.

William B. Russell, Jr., Lewiston, Idaho (argued), for Nez Perce County; David G. High, Deputy Atty. Gen., Boise, Idaho, on brief.

Before GOODWIN, KENNEDY and SKOPIL, Circuit Judges.

PER CURIAM:

Brooks and the United States appeal from a judgment of the district court denying a claim for damages against Nez Perce County, for the wrongful sale of Brooks' Indian trust land. We reverse the judgment of the district court and remand for further action on the issue of damages.

## FACTS AND PRIOR PROCEEDINGS

In 1911, Hattie Davis, a Nez Perce Indian, inherited a trust allotment from her

836

deceased husband. Pursuant to 25 U.S.C. § 405, the government sold the allotment on her behalf for $4,100.00. The next year the United States bought a tract of land within the Nez Perce Indian Reservation for Hattie Davis, using $350.00 of the trust proceeds. With $3,130.00 of the trust proceeds, the government constructed a building on the land. Over the years additional trust monies were spent to improve the property.

At some time between 1912 and 1916 Nez Perce County began to tax Hattie Davis' lot. The United States sought a decree in district court voiding the tax levies. On May 10, 1918 the district court entered a decree voiding all prior taxes, permanently enjoining future ones, and quieting title to the land in the government as trustee.

In 1923 the county, in clear violation of the 1918 district court decree, again taxed Hattie Davis' lot. A tax deed was issued to the county based on the illegally assessed taxes. In 1937 the county held a tax sale and sold the land to Forrest Lisher[1] for $253.50.

When Hattie Davis died in 1964, her daughters, Vera Rogers Brooks and Ada Rogers Graham,[2] became successors to the beneficial interest in the land once held by their mother. They filed a complaint in U.S. District Court in July 1972 naming the United States as defendant. The complaint for declaratory judgment sought (1) to quiet title to the land, and (2) mesne profits lost from the land as a result of the wrongful sale. In the second amended complaint, filed July 1977, the United States was again named as a defendant. In December 1977, however, plaintiffs and the government filed a stipulation realigning the United States as a party plaintiff.

On October 15, 1979 the district court granted partial summary judgment to Brooks and the United States, quieting title in the United States as trustee for the Indians and exempting the land from taxa-

tion. On March 18, 1980, however, the district court denied the plaintiffs' motion for summary judgment on damages. In a memorandum opinion, amended May 13, 1980, the court concluded that "Nez Perce County is not liable to these plaintiffs for mesne damages for the loss of use of the property."

In June 1980, Nez Perce County moved for summary judgment in favor of the plaintiffs on the issue of land ownership and in favor of itself on the issue of damages. On June 18, 1980 the court granted the motion. August 14, 1980 the district court dismissed the plaintiffs' claims for damages against the county, stating that the judgment was final and appealable pursuant to Fed.R.Civ.P. 54(b). The plaintiffs appeal from that judgment.

ISSUE

ARE THE APPELLANTS' CLAIMS FOR DAMAGES AGAINST NEZ PERCE COUNTY BARRED BY LACHES, BY STATUTE OF LIMITATIONS, OR BY ANY OTHER EQUITABLE DEFENSE?

DISCUSSION

A. Laches.

The district court recognized that laches would not bar the government from reclaiming title to the Indian land, but concluded that "it would not be equitable to allow the United States and the plaintiffs to recover damages that were increased by their own inaction."

The appellants assert that laches should have no application to the government's claim for damages, relying on *Board of County Comm'rs. of the County of Jackson v. United States*, 308 U.S. 343, 351, 60 S.Ct. 285, 288, 84 L.Ed. 313 (1939):

"[S]tate notions of laches and state statutes of limitations have no applicability

1. The heirs of Forrest Lisher were named as co-defendants in Brooks' second amended complaint of July 1977. Subsequently the Lishers filed claims against Nez Perce County.

2. Ada Rogers Graham died after commencement of litigation and her estate became a party.

to suits by the Government, whether on behalf of Indians or otherwise . . . This is so because the immunity of the sovereign from these defenses is historic. Unless expressly waived, it is implied in all federal enactments."

*See also United States v. Ahtanum Irrigation District*, 236 F.2d 321, 334 (9th Cir. 1956), *cert. denied*, 352 U.S. 988, 77 S.Ct. 386, 1 L.Ed.2d 367 (1957).

■ Further supporting appellants' contention is *Oneida Indian Nation v. County of Oneida*, 434 F.Supp. 527 (N.D.N.Y.1977). There the court concluded that an action by Indians against two New York counties to recover damages for illegal use of their land would not be barred either by state statutes of limitations or laches. *Id.* at 542–543. We conclude that laches does not bar the government's claim for damages. We note, however, that a fifty-four year delay occurred between the government's joining this action as party plaintiff in 1977 and the county's wrongful taxation of Hattie Davis' lot in 1923. State taxpayers must now bear the cost of the government's inaction. Lack of diligence by the government in exercising its role as trustee may be weighed by the district court in calculating damages.

B. Statute of Limitations.

The applicable statute of limitations in the instant case is 28 U.S.C. § 2415 which provides:

"(b) Subject to the provisions of section 2416 of this title, and except as otherwise provided by Congress, every action for money damages brought by the United States or an officer or agency thereof which is founded upon a tort shall be barred unless the complaint is filed within three years after the right of action first accrues: *Provided* * * * that such actions * * * on behalf of an individual Indian whose land is held in trust or restricted status which accrued on the date of this Act in accordance with subsection (g) may be brought on or before April 1, 1980.

\*     \*     \*     \*     \*     \*

(g) Any right of action subject to the provisions of this section which accrued prior to the date of enactment of this Act shall, for purposes of this section, be deemed to have accrued on the date of enactment of this Act."

When Congress extended this statute of limitations to actions for money damages brought prior to December 31, 1982,[3] it was aware that claims as old as 180 years might be protected and that extension of the statute would impose burdens on state and local governments. It concluded, nonetheless, that failure to extend the statute would result in inequities to Indians who would otherwise be deprived of rights due to "delinquent and dilatory" action by the government in processing claims. 126 Cong.Rec.H. 1943 (Daily Edition, March 18, 1980); *accord*, 126 Cong.Rec.S. 1641 (Daily Edition, February 20, 1980).

This Circuit has authorized an action for declaratory relief and money damages in trespass under 28 U.S.C. § 2415. In rejecting a state statute of limitations as barring Indian claims, the court stated:

"The legislative history of 2415 demonstrates a concern for the preservation of the type of claim involved here, i.e., a cause of action for an historic trespass to Indian land."

*Capitan Grande Band of Mis. Indians v. Helix Irr. Dist.*, 514 F.2d 465, 469–470 (9th Cir. 1975), *cert. denied*, 423 U.S. 874, 96 S.Ct. 143, 46 L.Ed.2d 106 (1976). *See also Oneida Indian Nation, supra*, 434 F.Supp. at 543.

■ We conclude that the government's claim for damages is not time-barred in the instant case.

C. Balancing of Equities.

■ The county's effort to balance equities in its favor is unavailing. Not only are the facts of *Board of County Comm'rs, supra*, 308 U.S. 343, 60 S.Ct. 285, 84 L.Ed. 313, distinguishable from the case at bar; so too

---

**3.** See Pub.L.No.96–217, 94 Stat. 126, March 27, 1980 (codified at 28 U.S.C. § 2415).

is there present "explicit legislative policy cutting across state interests." *Id.* at 352, 60 S.Ct. at 289. Cases such as *Wilson v. Omaha Indian Tribe*, 442 U.S. 653, 99 S.Ct. 2529, 61 L.Ed.2d 153 (1979) recognize that application of state law over federal is appropriate only where "there is little likelihood of injury to federal trust responsibilities." *Id.* at 673, 99 S.Ct. at 2541. Here, were Idaho Code § 6–904[4] to supersede 28 U.S.C. § 2415, federal law would be effectively overriden.

The judgment of the district court is REVERSED and the case REMANDED for further action on the issue of damages.

\*  \*  \*  \*  \*  \*

---

4. Idaho Code § 6–904 reads in pertinent ·part:
   "Exceptions to governmental liability.—A governmental entity and its employees while acting within the course and scope of their employment and without malice or criminal intent shall not be liable for any claim which:

2. Arises out of the assessment or collection of any tax or fee, or the detention of any goods or merchandise by any law enforcement officer."