**UNITED STATES of America, Plaintiff,**

**v.**

**NEZ PERCE COUNTY, IDAHO; Frank J. Murphy and Doris Murphy, Defendants.**

**Civ. No. 80–2022.**

United States District Court, D. Idaho.

Dec. 7, 1982.

---

Carol E. Dinkins, Asst. Atty. Gen., Dale T. White, Atty., Dept. of Justice Land & Natural Resources Div., Washington, D.C., Deborah A. Bail, Asst. U.S. Atty., Boise, Idaho, for plaintiff.

William B. Russell, Jr., Steve J. Tobiason, Deputy Pros. Attys., Lewiston, Idaho, for Nez Perce County, Idaho.

John Reid Tait, Keeton & Tait, Lewiston, Idaho, for Murphys.

## MEMORANDUM OPINION AND ORDER

RYAN, District Judge.

In this action the United States is seeking to quiet title and obtain possession of Lot 17, Block 2, Town of Fort Lapwai, Nez Perce County, Idaho, against all defendants.

Additionally, the United States is seeking to obtain damages against Nez Perce County for having wrongfully assessed and levied ad valorem taxes upon the land in question and for having directly caused third persons to enter upon and take possession of the land. On July 6, 1981, the plaintiff filed a Motion for Partial Summary Judgment. Upon the conclusion of the briefing of the Motion for Partial Summary Judgment by all the parties and rescheduling the hearing on the Motion for Partial Summary Judgment, the parties consented and certified that the motion be submitted to the court without oral argument and decided upon the basis of the pleadings and briefs previously filed in this action.

## FACTUAL BACKGROUND

On January 28, 1911, Theodore Sharp, acting as an agent of the United States, purchased the land in question in trust for Hattie Davis, a full-blooded Nez Perce Indian. Hattie Davis died in 1964, leaving a will approved and duly probated by the Bureau of Indian Affairs. Under the terms of the will, her daughters, Vera Rogers Brooks and Ada Rogers Graham, both members of the Nez Perce Indian Tribe, succeeded to her interest in the land. Ada Rogers Graham died on October 31, 1977.

Sometime prior to January 10, 1916, while the land was held in trust, Defendant Nez Perce County attempted to levy ad valorem property taxes on the land. The United States brought a suit in response to void all such assessments. On May 10, 1918, the United States District Court for the District of Idaho entered a decree which voided all tax levies and assessments by the county, enjoined all future levies and assessments, and established title to the land in the name of the United States. *United States v. Nez Perce County,* Civil No. 459 (D.Idaho May 10, 1918). That decree, the same decree in question in *Brooks v. Nez Perce County, Idaho,* 670 F.2d 835 (9th Cir.1982), included the land which is the subject of this lawsuit.

However, in 1929, Nez Perce County assessed and levied additional ad valorem property taxes against the property while the land continued to be held in trust by the United States. This assessment and levy was a direct violation of the 1918 decree. No taxes were paid upon that assessment and in 1945 a tax deed was issued by Nez Perce County. On April 25, 1945, Nez Perce County deeded the land to R.H. Walk. Defendants Frank J. Murphy and Doris Murphy are the present successors in interest of Walk. These are the essential facts not in dispute.

Thus, the court is presented with the following issues upon plaintiff's Motion for Partial Summary Judgment:

1. Whether the 1918 decree precludes defendants from challenging the United States' title and tax exempt status of the land;

2. Whether the tax assessment of 1929 and subsequent sale and deed were valid;

3. Whether the affirmative defenses raised by defendants are applicable in this case; and

4. Whether Defendant Nez Perce County is liable for damages.

## I. WHETHER THE 1918 DECREE PRECLUDES DEFENDANTS FROM CHALLENGING THE UNITED STATES' TITLE AND TAX EXEMPT STATUS OF THE LAND

■ In *Brooks v. Nez Perce County, Idaho,* Civil No. 2–72–27 (D.Idaho Oct. 15, 1979, order granting pretrial summary judgment) this court had occasion to construe the validity of the 1918 decree. In that action, the district court granted partial summary judgment to Brooks and the United States, quieting title in the United States as trustee for the Indians and exempting the land from taxation. There is no material factual distinction between the land that is the subject of this dispute and the land that was the subject of *Brooks v. Nez Perce County, Idaho, id.* The 1918 decree included lands which were the subject of both lawsuits. The court's decision in *Brooks v. Nez Perce County, Idaho, id.,* was correct and the 1918 decree conclusively determines that the United States owns Lot 17, Block

2, Town of Fort Lapwai, Nez Perce County, Idaho, in trust for Vera Rogers Brooks and the heirs of Ada Rogers Graham. Additionally, it is clear that that land is exempt from taxation by Nez Perce County and will remain exempt from taxation by Nez Perce County so long as the United States holds the land in trust pursuant to the 1918 decree as recognized by the decision of this court in *Brooks v. Nez Perce County, Idaho, id.* Therefore, plaintiff's request for partial summary judgment on the issues of land ownership and the tax exempt status of the land is proper and should be granted.

## II. WHETHER THE TAX ASSESSMENT OF 1929 AND SUBSEQUENT SALE AND DEED WERE VALID

■ It follows from the court's conclusion above regarding the ownership and tax exempt status of the land in question, that the tax assessment of 1929 and subsequent sale of the land by Nez Perce County and deed to R.H. Walk were invalid. The tax assessment of 1929 and the 1945 tax deed issued by Nez Perce County were in direct violation of the 1918 decree.

Since the Defendants Murphy are successors in interest to Nez Perce County, the Murphys as privies are bound by the 1918 decree. Therefore, unless Defendant Nez Perce County or Defendants Murphy can prevail upon the affirmative defenses asserted in this action, they will be bound by the terms of the 1918 decree regarding the title to and the tax exempt status of the land that is the subject of this action.

## III. WHETHER THE AFFIRMATIVE DEFENSES RAISED BY DEFENDANTS ARE APPLICABLE IN THIS CASE

Both Defendants Nez Perce County and Murphys have raised the following affirmative defenses: That the plaintiff's Complaint fails to state a claim and that plaintiff's Complaint is barred by laches. Additionally, Defendant Nez Perce County asserts the following affirmative defenses: That the action is barred by Idaho Code § 6–904; that the action is barred by the

equitable principle that the federal beneficiaries do not have a privileged tax status over other aggrieved taxpayers in their relation with the states or their political subdivisions; and that the plaintiff's real cause of action should be against the United States as trustee for failure to comply with statutory duties. Defendants Murphy have raised the additional affirmative defense that the United States is estopped by its conduct to eject the Murphys from the land. The court shall consider each of those affirmative defenses.

It is apparent from the discussion above and the decision of the district court and the Court of Appeals for the Ninth Circuit in *Brooks v. Nez Perce County, Idaho,* 670 F.2d 835 (9th Cir.1982), that defendants' assertion that the action fails to state a claim upon which relief may be granted is without merit. The plaintiff has affirmatively set forth a set of facts upon which relief can be granted for its various claims.

■ Additionally, plaintiff's Complaint is not barred by laches. First, the Court of Appeals for the Ninth Circuit noted with approval in *Brooks v. Nez Perce County, Idaho, id.* at 836, "that laches would not bar the government from reclaiming title to the Indian land." Additionally, that court concluded that laches did not bar the government's claim for damages in that action. The court noted that, "Lack of diligence by the government in exercising its role as trustee may be weighed by the district court in calculating damages," *id.* at 837. Therefore, as a matter of law, neither the plaintiff's claim to quiet title nor the plaintiff's claim for mesne profits are barred by laches.

■ Defendant Nez Perce County asserts that the plaintiff's action is barred by Idaho Code § 6–904. In *Brooks v. Nez Perce County, Idaho, id.* at 838, the Court of Appeals for the Ninth Circuit recognized that, "Cases such as *Wilson v. Omaha Indian Tribe,* 442 U.S. 653, 99 S.Ct. 2529, 61 L.Ed.2d 153 (1979), recognize that application of state law over federal is appropriate only where 'there is little likelihood of inju-

ry to federal trust responsibilities.' *Id.* at 673, 99 S.Ct. at 2541." The court subsequently held that federal law would be effectively overridden if Idaho Code § 6–904 was construed to supersede 28 U.S.C. § 2415. Thus, Defendant Nez Perce County's affirmative defense that the action is barred by Idaho Code § 6–904, fails as a matter of law.

■ Defendant Nez Perce County affirmatively raises the defense that the equitable principle that the federal beneficiaries do not have a privileged tax status over other aggrieved taxpayers in their relation with the states or their political subdivisions bars plaintiff from recovering damages. Essentially, the Defendant Nez Perce County derives that affirmative defense from the case of *Board of County Commissioners v. United States,* 308 U.S. 343, 60 S.Ct. 285, 84 L.Ed. 313 (1939). Nez Perce County urged a similar balance of equities argument in *Brooks v. Nez Perce County, Idaho,* 670 F.2d 835 (9th Cir.1982). The Court of Appeals for the Ninth Circuit held that the county's effort to so balance those equities in its favor was unavailing. The reasons recognized by the court were twofold and intimately related to the discussion above pertaining to the affirmative defense based upon Idaho Code § 6–904. The Court of Appeals for the Ninth Circuit recognized that the facts of the *Board of County Commissioners v. United States,* 308 U.S. 343, 60 S.Ct. 285, 84 L.Ed. 313 (1939), were distinguishable from the facts in *Brooks v. Nez Perce County, Idaho,* 670 F.2d 835 (9th Cir. 1982). This court finds as a matter of law that the factual distinction recognized in *Brooks v. Nez Perce County, Idaho, id.,* is applicable to the similar facts in the case at bar. Additionally, in *Brooks v. Nez Perce County, Idaho, id.,* the court recognized that the explicit legislative policy contained in 28 U.S.C. § 2415 cut across state interests in that action. That legislative policy, i.e., the congressional concern for the preservation of a cause of action for a historic trespass to Indian land, is also present in the case at bar. The presence of that explicit legislative policy which cuts across the interests asserted by the Defendant Nez Perce County, makes Defendant Nez Perce County's affirmative defense based upon *Board of County Commissioners v. United States,* 308 U.S. 343, 60 S.Ct. 285, 84 L.Ed. 313 (1939), inapplicable in this action as a matter of law.

■ The final affirmative defense raised by Defendant Nez Perce County is that the plaintiff's real cause of action should be against the United States as trustee for failure to comply with statutory duties. That affirmative defense is insufficient to withstand the plaintiff's Motion for Partial Summary Judgment. Defendant Nez Perce County is subjected to this suit upon allegations that the county unlawfully taxed and sold the property in question in direct violation of the court's 1918 decree. This court has now had two occasions to construe that decree and in both cases, it has been held as a matter of law that Defendant Nez Perce County directly violated the decree. Essentially, the Defendant Nez Perce County is urging that the court once again balance the equities in its favor against the Plaintiff. As noted above, the Court of Appeals for the Ninth Circuit has essentially rejected Defendant Nez Perce County's plea to so balance the equities. Therefore, the mere possibility that the plaintiff may be liable for failure to comply with statutory duties, does not relieve the county of its liability for failure to comply with a valid court decree. Thus, Defendant Nez Perce County's final affirmative defense is insufficient, as a matter of law, to withstand plaintiff's Motion for Partial Summary Judgment.

The final affirmative defense that the court must consider for purposes of the Motion for Partial Summary Judgment is raised by Defendants Murphy who assert that the United States is equitably estopped from asserting title to the land that is the subject of this litigation. The defendants' theory in asserting the equitable estoppel defense is essentially set forth in defendants' Answer, Statement of Material Facts of Defendants Murphy, and defendants' Brief. Essentially, the defendants argue that the United States should be estopped

from obtaining an order ejecting defendants from the property due to the failure of the Bureau of Indian Affairs to make representations that the United States did not have title to the subject property during the process of assisting the defendants in obtaining the financing through the Bureau of Indian Affairs and Lapwai Tribe to purchase the property. The Defendants Murphy urge that the participation of the Bureau of Indian Affairs in the financing arrangements for the purchase of the property estops the plaintiff from now asserting title.

■ To prove that the United States is equitably estopped from asserting title in the context of a public land case and in the context of a motion for summary judgment, the inquiry for disposition of the Motion for Partial Summary Judgment is whether there are genuine issues of material facts remaining regarding the following elements of estoppel:

    1. Whether the party to be estopped knew the facts;

    2. Whether the party to be estopped intended or could justifiably be perceived as intending its conduct to induce reliance;

    3. Whether the party asserting the estoppel was ignorant of the facts;

    4. Whether the party asserting estoppel relied upon the government's conduct; and

    5. Whether the government engaged in affirmative misconduct.

Additionally, a litigant seeking to preclude a government interest in land must prove more than the technical elements of equitable estoppel listed above. The litigant must establish equities that, on balance, outweigh the inherent equitable considerations which the government asserts as the constitutional trustee on behalf of all people, *United States v. Ruby Co.,* 588 F.2d 697 (9th Cir. 1978), *cert. denied,* 442 U.S. 917, 99 S.Ct. 2838, 61 L.Ed.2d 284 (1979). In this action it is clear that the United States does not assert title as trustee on behalf of all people. However, the plaintiff does assert title as trustee on behalf of the individual Indian beneficiaries. Therefore, if the court even reaches the stage of balancing the equities as required in *United States v. Ruby Co., id.,* the court will take into consideration the plaintiff's limited role as trustee in this situation.

For purposes of the Motion for Partial Summary Judgment, the court will assume arguendo that the Defendants Murphy are able to satisfy the first four elements of the equitable estoppel listed above, at least to the extent that there may be genuine issues of material facts remaining regarding whether the defendants could satisfy those elements at trial. The reason for that assumption is that based upon the guidance of the Court of Appeals for the Ninth Circuit as to the element of affirmative misconduct, it is the court's opinion that Defendants Murphy have not raised a genuine issue of material fact that would support a finding of affirmative misconduct on the part of the plaintiff. Therefore, as will be discussed below, the affirmative defense of equitable estoppel asserted by Defendants Murphy fails as a matter of law.

In *Lavin v. Marsh,* 644 F.2d 1378 (9th Cir.1981), the Court of Appeals for the Ninth Circuit recognized that the question of whether a given set of facts justifies a finding of "affirmative misconduct" is subject to debate. The court recognized that they have had occasion to address this question in the past, and a review of the cases suggests that each turns on its own particular facts and circumstances. However, a thorough review of the recent Ninth Circuit cases pertaining to this issue reveals a number of principles which assist the court in determining when government action or inaction constitutes affirmative misconduct sufficient to satisfy the fifth element of equitable estoppel. Application of those principles to the facts of this case reveals that there is not a genuine issue of material fact pertaining to the issue of affirmative misconduct.

■ It is well settled that mere neglect of duty, government employee negligence, and government failure to advise, are con-

cepts that do not constitute affirmative misconduct. *Simon v. Califano,* 593 F.2d 121, 123 (9th Cir.1979); *Oki v. Immigration & Naturalization Service,* 598 F.2d 1160, 1162 (9th Cir.1979); and *Immigration & Naturalization Service v. Hibi,* 414 U.S. 5, 94 S.Ct. 19, 38 L.Ed.2d 7 (1973). Therefore, even if the Bureau of Indian Affairs loan officer's failure to be aware of the 1918 decree and the government's ownership of the land as trustee for Indian beneficiaries can be deemed mere negligence or neglect of duty, it is legally insufficient to constitute affirmative misconduct for purposes of equitable estoppel. Based upon a review of the documents pursuant to the loan application and eventual loan, it is the opinion of the court that the loan officer was not under an affirmative duty to search title for the Murphys. In *California Pacific Bank v. Small Business Administration,* 557 F.2d 218 (9th Cir.1977), the Court of Appeals for the Ninth Circuit held that agency actions that can be characterized as ambivalent and implications drawn from silences and failure to respond do not constitute affirmative misconduct. It is apparent that the Bureau of Indian Affairs official's actions fall within the principle enunciated in that case.

In *Sun Il Yoo v. Immigration & Naturalization Service,* 534 F.2d 1325 (9th Cir.1976), the Court of Appeals for the Ninth Circuit recognized that immigration agents may have no duty to inform aliens of matters which the aliens themselves have primary responsibility for knowing and could discover through the application of due diligence, but once an alien has gathered and supplied all relevant information and has fulfilled all requirements, INS officials are under a duty to accord him within a reasonable time the status to which he is entitled by law. The principle recognized in that case is applicable to the case at bar. Obviously, the Murphys had primary responsibility for searching and checking title or the Murphys could have discovered the defect in title through due diligence. Under the principle recognized in *Sun Il Yoo v. Immigration & Naturalization Service, id.,* it would be inequitable to make plaintiff liable for the lack of due diligence by Defendants Murphy in searching title to the land in question.

In *Lavin v. Marsh,* 644 F.2d 1378 (9th Cir.1981), the Court of Appeals for the Ninth Circuit recognized other principles applicable to this action that lend guidance in determining whether Defendants Murphy can satisfy the element of affirmative misconduct. In that case, the court recognized that persons dealing with the government are charged with knowing government statutes and regulations and they assume the risk that government agents may exceed their authority and provide misinformation. The court reaffirmed the principle that a factor in determining whether affirmative misconduct was present is whether the citizen acted diligently to protect his own interests. Applying those principles to the facts of the case at bar, it is apparent to the court that the Murphys did not act with adequate diligence to protect their own interests and now are merely attempting to preclude the government from asserting title against them due to the government's alleged failure to mention or advise the defendants that the persons selling the land to them were not the owners in fee simple as represented to the defendants by the previous owners in the warranty deed.

Finally, in *United States v. State of California,* 332 U.S. 19, 40, 67 S.Ct. 1658, 1669, 91 L.Ed. 1889 (1947), the Supreme Court recognized that the government and officers who have no authority at all to dispose of government property cannot by their conduct cause the government to lose its valuable rights by their acquiescence, laches, or failure to act. This assertion supports the principle that the Bureau of Indian Affairs officer's unknowing acquiescence in financing the purchase of land which the government owned and held in trust, would be insufficient grounds to estop the government from now claiming title since that Bureau of Indian Affairs loan official does not have the authority to dispose of the property of the United States.

Therefore, based upon the court's review of the equitable estoppel cases against the government in the Ninth Circuit, the court finds that the failure of the Defendants Murphy to provide specific facts regarding the alleged misrepresentations or failure to advise the defendants that the United States was the owner of the land in question, reveals that the defendants cannot, as a matter of law, withstand a motion for summary judgment challenging their failure to satisfy all the elements of equitable estoppel.

Although there is no genuine issue of material fact remaining regarding whether the Defendants Murphy can prove that the government is equitably estopped from asserting title against them due to their failure to satisfy the affirmative misconduct element of equitable estoppel, the court further finds that if the court were required to balance the equities under the guidance of *United States v. Ruby Co.,* 588 F.2d 697 (9th Cir.1978), *cert. denied,* 442 U.S. 917, 99 S.Ct. 2838, 61 L.Ed.2d 284 (1979), the court would find that the equities do not balance favorably for the Defendants Murphy. As mentioned above, the court must weigh the equities raised by the plaintiff as trustee in behalf of individual Indian beneficiaries against the equities raised by the Defendants Murphy. It is the court's opinion that the equities appear to be fairly equal in this action and were it necessary to conduct the balancing of equities as a final step in the court's consideration of equitable estoppel, the Defendants Murphy would not withstand the summary judgment challenge to their affirmative defense of estoppel.

Therefore, for all of the reasons mentioned above, the court finds that defendants have not set forth adequate factual allegations to support the proposition that there is a genuine issue of material fact remaining regarding whether defendants can prove that the government is equitably estopped from asserting title against them because defendants cannot, as a matter of law, satisfy the affirmative misconduct element of equitable estoppel, nor could defendants prevail upon a balancing of the equities pertaining to that affirmative defense.

## IV. WHETHER DEFENDANT NEZ PERCE COUNTY IS LIABLE FOR DAMAGES

Disposition of the affirmative defenses set forth above reveals that Defendant Nez Perce County is liable for damages. Defendant Nez Perce County fails to raise any defenses that distinguish this action from *Brooks v. Nez Perce County, Idaho,* 670 F.2d 835 (9th Cir.1982), relative to the issue of liability for damages. The Court of Appeals for the Ninth Circuit remanded the action in *Brooks v. Nez Perce County, Idaho, id.,* for further action on the issue of damages. This court finds that as a matter of law, Defendant Nez Perce County is liable for damages. The trial upon the issue of the calculation of damages will, however, be governed by the guidance provided by the Court of Appeals for the Ninth Circuit in *Brooks v. Nez Perce County, Idaho, id.* Thus, although the plaintiff's action is not barred by laches, the plaintiff's lack of diligence in exercising its role as trustee will be weighed by this court in calculating damages in this action.

THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED:

1. That the following-described land, Lot 17, Block 2, Town of Fort Lapwai, Nez Perce County, Idaho, is owned by the United States in trust for Vera Rogers Brooks and the Estate of Ada Rogers Graham.

2. That that land is exempt from taxation by Nez Perce County and will remain exempt from taxation by Nez Perce County so long as the United States holds the land in trust.

3. That the affirmative defenses raised by both defendants in this action are insufficient to withstand plaintiff's Motion for Partial Summary Judgment and therefore, plaintiff's Motion for Partial Summary Judgment is GRANTED.