116 F.3d 482
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Otuma Bernard AGADAGA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70594.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 3, 1997**
Decided June 12, 1997.
 
 Before: WRIGHT, PREGERSON and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Otuma Bernard Agadaga, a native and citizen of Nigeria, petitions pro se for review of the order of the Board of Immigration Appeals (BIA) affirming the deportation order of the Immigration Judge (IJ). The IJ found Agadaga deportable under 8 U.S.C. § 1251(a)(9) due to his failure to adhere to the conditions of his nonimmigrant student visa. We have jurisdiction under 8 U.S.C. § 1105(a), and we deny the petition for review.
 
 
 3
 The BIA correctly concluded that the IJ did not abuse his discretion by denying Agadaga's request for another continuance of the deportation hearing due to the lawsuit Agadaga filed in the district court seeking a stay on his deportation proceedings.
 
 
 4
 "The Immigration Judge may grant a motion for continuance for good cause shown." 8 C.F.R. § 3.29 (1994). The decision to grant or deny a continuance is in the sound discretion of the trial judge and will not be overturned except upon a showing of clear abuse. Gonzales v. INS, 82 F.3d 903, 908 (9th Cir.1996); Rios-Berrios v. INS, 776 F.2d 859, 862 (9th Cir.1985).
 
 
 5
 Here, the IJ exercised his discretion not to grant Agadaga's request for a continuance because the district court had not actually issued an injunction prohibiting the continuation of the deportation proceedings, and because no prejudice would result if the hearing went forward because Agadaga's ability to appeal would preclude any deportation order from taking immediate effect. The IJ did not abuse his discretion. Agadaga's deportation hearing had already been continued several times over a period of more than three years. Moreover, as the BIA pointed out, if there were any error in denying the requested continuance, it was not prejudicial because the district court ultimately dismissed Agadaga's action. See United States v. Nicholas-Armenta, 763 F.2d 1089 (9th Cir.1985) (in due process challenges there must be a showing of prejudice).
 
 
 6
 Agadaga next argues that he was "apparently eligible" for relief under section 212(h) of the Act, 8 U.S.C. 1182(h), because his deportation would have created an extreme hardship on his citizen children. He argues the IJ erred by failing to inform him of his apparent eligibility for such relief. We disagree.
 
 INS regulations provide:
 
 7
 ... In conjunction with any application for creation of status of an alien lawfully admitted for permanent residence made to an immigration judge [under section 245, 8 U.S.C. § 1255(a) ], if the respondent is inadmissible under any provision of section 212(a) of the Act and believes that he or she meets the eligibility requirements for a waiver of the ground of inadmissibility, he or she may apply to the immigration judge for such waiver. The immigration judge shall inform the respondent [in a deportation hearing] of his or her apparent eligibility to apply for any of the benefits [of relief from deportation] enumerated in this paragraph and shall afford him an opportunity to make application therefor during the hearing.
 
 
 8
 8 C.F.R. § 242.17(a) (1991) (emphasis added). See also Bui v. INS, 76 F.3d 268, 270 (9th Cir.1996); Moran-Enriquez v. INS, 884 F.2d 420, 421 (9th Cir.1989); Duran v. INS, 756 F.2d 1338, 1341-42 (9th Cir.1985).
 
 
 9
 The record reveals that section 212(h) could not have provided Agadaga relief from deportation. Section 212(h) could only have provided Agadaga relief from deportation if he were otherwise eligible to apply for an adjustment of status to permanent resident under section 245, 8 U.S.C. 1255(a).
 
 
 10
 Agadaga had a criminal conviction which rendered him inadmissible under section 212(a), 8 U.S.C. § 1182(a)(2)(A)(i)(I). Section 212(h) provides for a waiver of the requirement that an alien be "admissible" where inadmissibility is due to a criminal conviction under section 212(a), 8 U.S.C. § 1182(a)(2)(A)(i)(I), and where the alien can demonstrate, inter alia, that deportation would result in extreme hardship to an immediate relative who is a United States citizen. See 8 U.S.C. § 1182(h)(1)(B) (1994). However, because Agadaga is statutorily ineligible to apply for relief under section 245 due to his unlawful immigration status, see 8 U.S.C. § 1255(c), section 212(h) could not have provided him any relief from deportation.
 
 
 11
 Agadaga suggests he could have applied for an adjustment of status under section 245 and then received a waiver of inadmissibility under section 212(h). He argues that he was "apparently eligible" for relief under section 212(h), presumably because he is the parent of three United States citizens and his deportation would result in extreme hardship to two of his citizen children due to their severe mental and physical disabilities. We reject this argument.
 
 
 12
 Had Agadaga been otherwise eligible to apply for an adjustment of status to permanent resident, he would have been "apparently eligible" for relief under 212(h). Agadaga, however, failed to maintain continuous lawful immigration status in the United States because he violated the conditions of his student visa. Thus, he is statutorily ineligible for a section 245 adjustment of status to permanent resident. See 8 U.S.C. § 1255(c); Oki v. INS, 598 F.2d 1160, 1161-62 (9th Cir.1979). Section 242.17 of the Code of Federal Regulations provides:
 
 
 13
 ... In conjunction with any application for creation of status of an alien lawfully admitted for permanent residence made to an immigration judge [under section 245, 8 U.S.C. § 1255(a) ], if the respondent is inadmissible under any provision of section 212(a) of the Act and believes that he or she meets the eligibility requirement for a waiver of the ground of inadmissibility, he or she may apply to the immigration judge for such waiver.
 
 
 14
 8 C.F.R. § 242.17(a) (1994). Because Agadaga is statutorily ineligible to apply for an adjustment of status due to his noncompliance with the conditions of his student visa, his deportation is not due to any ground of "inadmissibility" under section 212(a), and a section 212(h) waiver of inadmissibility could not have provided Agadaga relief from deportation. Thus, the IJ had no duty to alert Agadaga that he was apparently eligible for relief under section 212(h).
 
 REVIEW DENIED.[1]
 
 
 **
 The panel unanimously finds this case suitable for disposition without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Petitioner's emergency motion for summary reversal is DENIED