Otuma Bernard AGADAGA,
Petitioner–Appellant,

v.

John ASHCROFT, Attorney General,
Respondent–Appellee.

No. 02–16675.

D.C. No. CV–02–00756–PMP.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 11, 2003.*

Decided Aug. 18, 2003.

Before SCHROEDER, Chief Judge,
HAWKINS, and TASHIMA, Circuit
Judges.

MEMORANDUM**

Otuma Bernard Agadaga, a native and citizen of Nigeria, appeals the district court's denial of his habeas corpus petition under 28 U.S.C. § 2241 for relief from deportation. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's denial of a habeas petition de novo. *Angulo–Dominguez v. Ashcroft,* 290 F.3d 1147, 1149 (9th Cir.2002). We affirm.

In 1994, an immigration judge ("IJ") found Agadaga deportable for overstaying his student visa, and the Board of Immigration Appeals ("BIA") affirmed. Agadaga petitioned for review of the BIA's order, contending that the IJ erred by failing to inform him that he may have been eligible for relief under 8 U.S.C. § 1182(h) based on the extreme hardship his deportation would cause his children who are U.S. citizens. This court denied Agadaga's petition because Agadaga could benefit from relief under 8 U.S.C. § 1182(h) only if he were eligible for an adjustment of status, which he was not. *Agadaga v. INS,* No. 95–70594, 1997 WL 334991 (9th Cir. June 12, 1997).

To the extent Agadaga's habeas petition raises the same contention he raised on direct review—that the IJ should have told him to apply for relief under 8 U.S.C. § 1182(h)—the district court did not have jurisdiction over the claim. *Cf. Flores– Miramontes v. INS,* 212 F.3d 1133, 1143 (9th Cir.2000) (district court retains habeas corpus jurisdiction under 28 U.S.C. § 2241 where 8 U.S.C § 1252(a)(2) bars filing a petition for review; "[i]f, however, the bar does not apply and a petition for review is the appropriate procedure for resolving the issue, the petition must be heard in the court of appeal").

Agadaga's equal protection contention is unpersuasive because he has not shown that other petitioners ineligible for adjustment of status due to a visa overstay nevertheless obtained relief from deportation under 8 U.S.C. § 1182(h). *See Freeman v. City of Santa Ana,* 68 F.3d 1180, 1187 (9th Cir.1995).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.