**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**HAWKINS COUNTY, TENNESSEE,**
**Defendant–Appellant,**

**State of Tennessee, Intervenor**
**Defendant–Appellant.**

**Nos. 87–5478, 87–5479.**

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 17, 1988.

Decided Sept. 30, 1988.


See also 664 F.Supp. 288.

James O. Phillips, III, Phillips and Hale, Rogersville, Tenn., W.J. Michael Cody, Atty. Gen. of Tennessee, Nashville, Tenn., Charles L. Lewis, William E. Young (argued), George John Keto (argued), Washington, D.C., for defendant-appellant.

J. Edgar Schmutzer, Asst. U.S. Atty., Greeneville, Tenn., Michael L. Paup (lead Counsel), Chief, Appellate Section, Tax Div., Dept. of Justice, Washington, D.C., Michael C. Durney, Ann Belanger Durney, John J. McCarthy (argued), for plaintiff-appellee.

Before NELSON and NORRIS, Circuit Judges, and SPIEGEL, District Judge.[*]

ALAN E. NORRIS, Circuit Judge.

The State of Tennessee and Hawkins County, Tennessee, appeal the judgment of the district court enjoining them from imposing a tax on a private contractor, Holston Defense Corporation ("Holston"), as called for by Tenn.Code Ann. § 67–5–203(c). The court concluded that the tax was, in reality, imposed on the federal property used by Holston, and was therefore barred by the Supremacy Clause of the United States Constitution.

Since 1949, Holston has contracted on a cost-plus basis with the United States to operate and maintain the Holston Army Ammunition Plant, a 6,000–acre, federally owned facility used to produce munitions, located in Hawkins and Sullivan Counties, Tennessee. Under the current contract, Holston is an independent contractor and not an agent of the United States. Munitions are produced at the facility only for the United States, although Holston may

[*] The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation.

perform work at the plant for third parties, if the United States consents. All land, structures, equipment, and vehicles at the facility belong to the government, but over ninety-five percent of the work force is comprised of Holston employees. Holston procures the materials for carrying out the contract, using its own procedures and pledging its own credit to do so, but title to the materials transfers directly from the vendor to the United States. Holston pays no rent and holds no lease. Only the United States may admit or exclude persons from the property. Holston is reimbursed for all allowable expenditures to carry out the contract, including taxes payable by Holston. In addition, Holston receives a negotiated yearly fee, which on occasion has included added incentives, for instance, for achieving lower costs than targeted. In 1985, cost reimbursement was almost $76,000,000, and the fee was over $4,000,-000.

Prior to the enactment of the tax statute at issue in this case, Hawkins County attempted to levy an ad valorem real property tax on Holston under another section of the code, on the theory that Holston held a taxable leasehold interest in the property. The United States sought a declaratory judgment that Holston had no property interest in the facility which could be subject to a real property tax. A similar case was filed against Anderson County, Tennessee, in response to its attempt to levy a real property tax against Union Carbide Corporation, another cost-plus management contractor for the United States.

In each case, the district court rejected imposition of the tax, holding that the rights of Holston and Union Carbide under their contracts were not real property interests. Both decisions were affirmed by this court in separate opinions, based upon a decision of the Tennessee Supreme Court in *Union Carbide v. Alexander*, 679 S.W.2d

938, 940–42 (Tenn.1984), which held that, while the interest of Union Carbide could be subject to a privilege or use tax, it was not a real property interest taxable pursuant to Tennessee's ad valorem real property tax statute. *United States v. Anderson County, Tenn.*, 761 F.2d 1169, 1173–74 (6th Cir.), *cert. denied*, 474 U.S. 919, 106 S.Ct. 248, 88 L.Ed.2d 256 (1985); *United States v. Hawkins County, Tenn.*, 812 F.2d 1409 (6th Cir.1987).

Tennessee's legislature then enacted Tenn.Code Ann. § 67–5–203(c) (Supp.1987), which provides that property of the United States will be assessed to the user of the property at its real property value, minus a deduction for any contractual restrictions on its use, unless the property is used for an exclusively public purpose, or the user is an agent or instrumentality of the United States.[1] Pursuant to the new tax statute, Hawkins County assessed the tax against Holston.

The amount of the tax was calculated by the property assessor for Hawkins County, on what he called Holston's "use" of the ammunition plant property, based upon information provided by the United States on replacement costs of the real and personal property of the facility. Starting with "replacement cost," he then subtracted depreciation to arrive at "current value," and then reduced that value by an additional forty percent attributed to the contractual restrictions on Holston's use, to obtain the value of "Holston's segregated taxable interest" in the property. The statutory rate of assessment for industrial and commercial real property was then applied to arrive at "assessed value."

The United States filed suit in district court seeking a declaratory judgment that Tenn.Code Ann. § 67–5–203(c) was unconstitutional under the United States and

---

**1.** 67–5–203(c): All property of the United States or any department or agency thereof, leased or otherwise used for other than an exclusively public purpose by any person, not an agent or instrumentality of the United States, shall be assessed to such user of such property at its value as determined pursuant to § 67–5–601, subject only to a deduction for any restricted use. This subsection (c) shall not affect sales and use taxes imposed on users of federal property by § 67–6–209. The provisions of this subsection shall only apply to any county having a population in excess of forty-three thousand (43,000) according to the 1980 federal census or any subsequent federal census.

Tennessee Constitutions, and an injunction against the imposition of tax. The lower court granted the government's motion for summary judgment, holding that Holston was so closely interrelated with the United States that the purported use tax was, in reality, a tax on the underlying government property itself. 661 F.Supp. 857.

We affirm the judgment of the district court, albeit on other grounds, for the reasons stated below.

■ A state may not levy a tax directly upon the United States [*Mayo v. United States*, 319 U.S. 441, 447, 63 S.Ct. 1137, 1140–41, 87 L.Ed. 1504 (1943); *reh'g denied*, 320 U.S. 810, 64 S.Ct. 27, 88 L.Ed. 489 (1943); *McCulloch v. Maryland*, 17 U.S. (4 Wheat) 316, 88 L.Ed. 489 (1819) ], or its closely connected agent or instrumentality. *United States v. New Mexico*, 455 U.S. 720, 735, 102 S.Ct. 1373, 1383, 71 L.Ed. 2d 580 (1982). The use of property of the United States may be taxed to a private contractor, even if the economic burden of the tax is ultimately borne by the United States, but only to the extent that the contractor has the beneficial use of the property. That is, a contractor may not be taxed beyond the value of his use. The use of property in connection with commercial activities carried on for profit is a separate and distinct taxable activity. *See id.* at 734–35, 741 n. 14, 102 S.Ct. at 1382–83, 1386 n. 14; *United States v. Boyd*, 378 U.S. 39, 44, 84 S.Ct. 1518, 1521–22, 12 L.Ed. 2d 713 (1964).

■ A cost-plus contractor for profit, Holston is not "so incorporated into the government structure as to become [an] instrumentalit[y] of the United States and thus enjoy governmental immunity." *Boyd*, 378 U.S. at 48, 84 S.Ct. at 1524. Holston produces munitions solely for the United States, and receives a negotiated, fixed fee in addition to its reimbursement for costs. This fee, of course, represents its profit. It is inescapable, then, that Holston has a beneficial use of the government-owned property.

■ However, Tenn.Code Ann. § 67–5–203(c) fairly cannot be said to impose a tax on Holston's beneficial use; instead, the statute describes an ad valorem tax on an interest in real property. The tax contemplated is similar to the one the State of Colorado attempted to impose on a corporation which, pursuant to a management contract, operated a federally owned nuclear weapons plant. Under the Colorado statute, if real property which was exempt from taxation was used by a corporation in connection with a business operated for profit, then the user of the property was subject to taxation as if it were the owner of the property. The Supreme Court affirmed the holding of the Tenth Circuit Court of Appeals, that "the 'substance' of the present procedure is not to tax [the corporation's] 'use' of government owned property, but to lay an ad valorem general property tax on property owned by the United States." *United States v. Colorado*, 627 F.2d 217 (10th Cir.1980), *aff'd sub nom. Jefferson County, Colo. v. United States*, 450 U.S. 901, 101 S.Ct. 1335, 67 L.Ed.2d 325 (1981).

The Tennessee statute provides that "all property of the United States" used for other than an exclusively public purpose is to be assessed to its user at a value determined pursuant to other sections of the code which spell out the procedure for calculating the value of real property for purposes of the state's ad valorem tax, "subject only to a deduction for any restricted use." The property assessor for Hawkins County said he started by determining the value of the facility pursuant to a commonly accepted method of appraising real property, then reduced the value of the ammunition plant property to reflect the contractual restrictions on Holston's use. He then assessed the property to Holston at forty percent of its value, pursuant to Tenn.Code Ann. § 67–5–801 (1983), which determines the classification and rate of assessment for real property. The value he assigned to Holston in this instance was the same one he had previously assigned to the company when the county had unsuccessfully contended that Holston held a leasehold interest and attempted to impose the ad valorem real property tax.

Whether or not the Tennessee legislature had in mind a tax on beneficial use, it unquestionably did not describe one when it enacted the statute in question. Since Holston has been determined not to have a real property interest in the facility, Tennessee's attempt to tax Holston resulted in what was, in reality, a tax upon the United States itself.

The judgment of the district court is **affirmed**.