**UNITED STATES of America, Plaintiff–Appellee,**

v.

**NYE COUNTY NEVADA; Bernie C. Merlino, Nye County Assessor, Defendants–Appellants.**

No. 90–15128.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 8, 1991.

Decided July 15, 1991.

lates the Constitution because it, in effect, is a tax upon property of the United States. The district court entered judgment for the United States, enjoined further assessments of the tax by the County and adjudged the County liable for the taxes previously paid. We hold that the tax Nye County levied on Arcata is an *ad valorem* tax on property owned by the United States government. As such, the supremacy clause and *McCulloch v. Maryland*, 4 Wheat. 316, 4 L.Ed. 579 (1819), render the tax unconstitutional. We therefore affirm.

## FACTS

Arcata is an independent federal contractor.[1] It maintains and operates government-owned electronic equipment used by the United States Air Force to simulate Soviet defense systems at the Tolicha Peak Electronic Combat Range and the Tonopah Electronic Combat Range in Nye County, Nevada. The Air Force uses these systems and devices to train Air Force pilots. Pursuant to its contract with Arcata, the United States reimburses Arcata for all costs incurred by the company and, in addition, pays Arcata a fixed base fee and a performance award fee for its services.

The Air Force directs Arcata's operation of all government-owned equipment. Arcata does not have the right to use the equipment for its own account or business. It has no property interest in the equipment. Its only access to the equipment is at the time and place and in the manner directed by the United States. Arcata cannot exclude Air Force personnel or other contractors from operating or maintaining the equipment. The United States can terminate its relationship with Arcata at will.

Nye County contends Arcata has a taxable interest in the equipment. It assessed a personal property tax against Arcata under Nev.Rev.Stat. 361.159, as if Arcata were the owner of the equipment. The statute provides in pertinent part:

Rex Jemison, Beckley, Singleton, De Lanoy, Jemison & List, Las Vegas, Nev. for defendants-appellants.

Shirley Peterson, Asst. Atty. Gen., U.S. Dept. of Justice, Washington, D.C., for the plaintiff-appellee.

Before PREGERSON, NOONAN and THOMPSON, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

The United States challenges Nye County's imposition of a tax on Arcata Associates, Inc. (Arcata), a defense contractor. The United States argues that the tax vio-

---

**1.** The United States concedes that Arcata cannot be considered an agent or instrumentality of the government.

1. Personal property exempt from taxation which is leased, loaned or otherwise made available to and used by a natural person, association or corporation in connection with a business conducted for profit is subject to taxation in the same amount and to the same extent as though the lessee or user were the owner of the property ...

Unpaid taxes under this statute do not become a lien on the property but are an obligation of the lessee or user. *Id.* § 361.159.2. For tax years 1983–84 through 1988–89 taxes assessed against Arcata under the statute totaled $127,-414.03. Arcata paid these taxes under protest. The United States reimbursed Arcata as required by Arcata's contract. It then sued Nye County to recover the taxes, to obtain a declaratory judgment that assessment of the taxes was unconstitutional, and to enjoin further assessment. After a bench trial, the district court entered judgment in favor of the United States. Nye County appeals.

## DISCUSSION

■ The unconstitutionality of Nye County's tax is best understood by comparing it to tax measures that have survived, and those that have perished, in the face of *ad valorem* challenges. The survivors have been tax measures imposed on an isolated possessory interest or on a beneficial use of United States property. The perished have been tax measures levied on the property itself.

Of the survivors, *United States v. County of Fresno,* 429 U.S. 452, 97 S.Ct. 699, 50 L.Ed.2d 683 (1977), illustrates a possessory use tax. There, California taxed possessory interests in federally owned housing held by federal forest rangers. The Supreme Court refused to invalidate the tax, holding that, to the extent a state can isolate a private person's property interest in property owned by the United States, the state can tax the interest. *Id.* at 462, 97 S.Ct. at 704–05.

A beneficial use tax was at issue in *United States v. New Mexico,* 455 U.S. 720, 102 S.Ct. 1373, 71 L.Ed.2d 580 (1982). There

the Court upheld the tax because it was measured by the gross receipts of the lessee. The Court concluded: "In effect, the gross receipts tax operates as a tax on the sale of goods and services." *Id.* at 727, 102 S.Ct. at 1379. In *United States v. City of Detroit,* 355 U.S. 466, 78 S.Ct. 474, 2 L.Ed.2d 424 (1958), the amount of the tax was computed with reference to the value of the United States property used by the lessee, but because the tax reached only the lessee's beneficial use, the tax was upheld. The Court stated: "A tax for the beneficial use of property, as distinguished from a tax on the property itself, has long been a commonplace in this country." *City of Detroit,* 355 U.S. at 470, 78 S.Ct. at 476.

Tax measures which have perished under an *ad valorem* challenge are exemplified by *United States v. Colorado,* 627 F.2d 217 (10th Cir.1980), *summarily aff'd sub nom. Jefferson County v. United States,* 450 U.S. 901, 101 S.Ct. 1335, 67 L.Ed.2d 325 (1981), and *United States v. Hawkins County,* 859 F.2d 20 (6th Cir.1988). In *Colorado,* the Tenth Circuit, after stressing that the contractor in the case held no leasehold interest in the government property, invalidated the tax. The tax could not be upheld because "the State of Colorado [sought] to impose a tax on [the contractor] to be measured by the value of the [United States land]...." 627 F.2d at 220. Similarly, in *Hawkins County,* the Sixth Circuit invalidated a Tennessee tax statute because it "fairly cannot be said to impose a tax on [the private entity's] beneficial use; instead, the statute describes an ad valorem tax on an interest in real property." *Hawkins County,* 859 F.2d at 23.

The teaching of the foregoing cases is that the wording of a tax measure is significant. This does not mean we exalt form over substance. It means that when a statute says it taxes property it probably does. And when it says it doesn't, it probably doesn't. In *County of Fresno,* the Court upheld California's levy of a tax on the possessory interest of federal employees. In *New Mexico,* the Court upheld New Mexico's tax on the gross receipts of an entity that used federal land. In *City*

*of Detroit,* the Court upheld a tax on a private entity's beneficial use of United States property even though the beneficial use was measured by the value of the property. In none of these cases was the property itself the subject of the tax.

■ In contrast, the Nevada statute under which Nye County seeks to impose its tax against Arcata taxes the user "in the same amount and to the same extent as though the lessee or user were the owner of the property." Nev.Rev.Stat. § 361.159. Here, the property belongs to the United States. Arcata has no leasehold interest in it, but merely has the privilege, terminable at the will of the government, to use the property at the time and place and in the manner directed by the United States. Nye County makes no attempt to segregate and tax any possessory interest Arcata may have in the property, or Arcata's beneficial use of the property. Nye County simply taxes Arcata as if it were the owner of the property. The tax effectively lays "an *ad valorem* general property tax on property owned by the United States." *Colorado,* 627 F.2d at 221. As the Sixth Circuit concluded in *Hawkins County:*

> Whether or not the Tennessee legislature had in mind a tax on beneficial use, it unquestionably did not describe one when it enacted the statute in question. Since [the contractor] has been determined not to have a real property interest in the facility, Tennessee's attempt to tax [the contractor] resulted in what was, in reality, a tax upon the United States itself.

*Hawkins County,* 859 F.2d at 24.

While Nye County could no doubt enact a statute taxing a lessee's possessory interest in, or a user's beneficial use of, property owned by the United States, the statute under which it levied taxes against Arcata is not such a tax measure. The Nye County tax is an *ad valorem* tax on property of the United States and as such it is unconstitutional. The judgment of the district court is AFFIRMED.

NOONAN, Circuit Judge, dissenting:

The classic case in this area is, of course, *McCulloch v. Maryland,* 4 Wheat. 316, 4 L.Ed. 579 (1819). The path from *McCulloch* to *United States v. New Mexico,* 455 U.S. 720, 102 S.Ct. 1373, 71 L.Ed.2d 580 (1982), has been neither straight nor clear. The precedents have been "confusing." *Id.* at 733, 102 S.Ct. at 1382. The lines drawn were "excessively delicate." *Id.* at 730, 102 S.Ct. at 1381. *New Mexico* defined the approach that should be taken today to a state tax on an entity using property of the United States. Less than ten years after *New Mexico* was decided by a unanimous Court, however, the present majority embarks again on the course that *New Mexico* tried to block of letting "wooden formalism" determine the great constitutional issue of the allocation of taxing power between the federal government and the states.

In so many words, the Court in *New Mexico* declared that "where a use tax is involved, immunity cannot be conferred simply because the State is levying the tax on the use of federal property in private hands." *Id.* at 734, 102 S.Ct. at 1383. "In such a situation the contractor's use of the property 'in connection with commercial activities carried on for profit,' is 'a separate and distinct taxable activity.'" *Id.* at 734–35, 102 S.Ct. at 1382–83, quoting *United States v. Boyd,* 378 U.S. 39, 44, 84 S.Ct. 1518, 1521–22, 12 L.Ed.2d 713 (1964). The Court concluded in *New Mexico* that "tax immunity is appropriate in only one circumstance: when the levy falls on the United States itself, or on an agency or instrumentality so closely connected to the Government that the two cannot realistically be viewed as separate entities, at least insofar as the activity being taxed is concerned." *United States v. New Mexico,* 455 U.S. at 735, 102 S.Ct. at 1383.

In the present case the United States argues that the levy falls on an instrumentality so closely connected to the Government that the two cannot realistically be viewed as separate entities. The United States relies heavily on a dictum in a footnote in *United States v. County of Fresno,*

429 U.S. 452, 97 S.Ct. 699, 50 L.Ed.2d 683 (1977). In *County of Fresno* the Court sustained a California tax on houses rented to Forest Service employees but stated that it would be different if there was a tax imposed on a Forest Service employee for a fire ax that he used only in performing his job; in that case the tax would be on property the employee did not use for his "beneficial personal use" and on property that was not part of his profit or his salary. *Id.* at 466 n. 15, 97 S.Ct. at 707 n. 15. The United States argues that just as the Forest Service employee cannot be taxed on his fire ax, even though by its use he earns his salary, so Arcata cannot be taxed on the military equipment it uses, although from its use it derives a profit. What Arcata is doing when it runs the military games is to act as the United States. Arcata has, the Government contends, "no beneficial personal use."

Two other courts have reached the same conclusion as to analogous taxes. *See United States v. Colorado*, 627 F.2d 217 (10th Cir.1980), *summarily aff'd sub nom.; Jefferson County v. United States*, 450 U.S. 901, 101 S.Ct. 1335, 67 L.Ed.2d 325 (1981); *United States v. Hawkins County*, 859 F.2d 20 (6th Cir.1988). In each of these cases the tax exceeded the profit of the contract. But, the United States notes, what was decisive for the Tenth Circuit in the Colorado case was not the amount of the tax but that the effect of the tax was "to lay an ad valorem general property tax on property owned by the United States." *United States v. Colorado*, 627 F.2d at 221. A similar analysis was followed by the Sixth Circuit. *United States v. Hawkins County*, 859 F.2d at 23.

The Government's spirited presentation demonstrates how old distinctions can be refurbished and confusion engendered despite the bright line laid down by *New Mexico*. Rejecting the Government's argument, I observe that in *New Mexico* itself the contractors were managing Government laboratories, which the Government could have managed itself but chose not to do so. The Court observed that the Government "resists using its own employees for the tasks at hand ... because it seeks to tap the expertise of industry." *United States v. New Mexico*, 455 U.S. at 737, 102 S.Ct. at 1384. As a consequence, the Court observed: "In contrast to federal employees, then, Sandia and its fellow contractors cannot be termed 'constituent parts' of the Federal Government." *Id.* at 740, 102 S.Ct. at 1386. No "complete" "congruence of professional interests" existed between the Government and the contractors. *Id.* The contractors were privately owned corporations in which the Government had no ownership interest. *Id.* The Government in our case has pointed to no distinction between Sandia in *New Mexico* and Arcata as a privately owned corporation whose professional interests are not completely congruent with the Government's.

The Government's reliance on the illustration of the Forest Service employee's fire ax is misplaced. The forester carries his ax to carry out a governmental function, not for commercial profit. In contrast, Arcata conducts the military games for its own profit. In the terms expressly used by *New Mexico* Arcata is engaged in "commercial activity carried on for profit." *Id.* 455 U.S. at 734–35, 102 S.Ct. at 1383. Consequently, Arcata does not enjoy immunity from Nye County's tax.

The majority's acquiescence in the Government's contentions and its apparently justified reliance on the Colorado case are undermined by the way the Supreme Court analyzed that case in *New Mexico* itself. The Court said:

> While a use tax may be valid only to the extent that it reaches the contractor's interest in Government-owned property, cf. *City of Detroit v. Murray Corp.*, 355 U.S. [489], at 494 [78 S.Ct. 458, 461, 2 L.Ed.2d 441 (1958)]; *United States v. Colorado*, 627 F.2d 217 (CA10 1980), summarily aff'd *sub nom. Jefferson County v. United States*, 450 U.S. 901 [101 S.Ct. 1335, 67 L.Ed.2d 325] (1981), there has been no suggestion here that the contractors are being taxed beyond the value of their use.

*Id.* 455 U.S. at 741 n. 14, 102 S.Ct. at 1386 n. 14. In short, the Supreme Court gave a different rationale for *United States v.*

*Colorado* from that given by the Tenth Circuit—the rationale that a tax exceeding the value of the use was unconstitutional. At the same time the Court characterized the tax at issue as "a use tax," not an ad valorem tax on property. The majority offers no reason why exactly the same analysis should not apply to the entirely analogous Nevada tax at issue in this case.

The Nevada Property Tax Statute expressly exempts the property of the United States from taxation. Nev.R.Stat. § 361.050. No intention on the part of the state to infringe federal sovereignty and to tax the United States is present. It is irrelevant that the economic burden of the tax under these cost-plus contracts falls on the United States. *United States v. New Mexico*, 455 U.S. at 734, 102 S.Ct. at 1382–83. It is irrelevant that Arcata, as the district court found, is "the servant" of the United States. *Id.* at 733, 102 S.Ct. at 1382. It is irrelevant that Arcata owns none of the property used and that the United States owns all of it. *Id.* at 738, 102 S.Ct. at 1384–85. The United States, of course, has a sure remedy for any actual infringement on its sovereignty: Congress can declare the contractor's activity exempt. *Id.* at 744, 102 S.Ct. at 1388. Once again a litigant is seeking "to establish as a constitutional rule something that it was unable to obtain statutorily from Congress." *Id.*

In *New Mexico*, the Court warned that "an immunity of constitutional stature" cannot rest "on such technical considerations" as the way a contract was drawn between the Government and its contractor. *Id.* at 737, 102 S.Ct. at 1384. While this caution was expressly directed at contractual technicality, the Court in the same paragraph warned against "the manipulation and wooden formalism that occasionally have marked tax litigation." *Id.* It is difficult to imagine a more wooden and technical approach than that taken by the majority in finding constitutional significance in the language used by the state to describe its tax. I respectfully dissent.