UNITED STATES of America, Plaintiff,

v.

NYE COUNTY, NEVADA; Bernie C. Merlino, Nye County Assessor; Clark County, Nevada; and J.E. Dutton, Clark County Assessor, Defendants.

STATE OF NEVADA, ex rel. Arthur F. WEHRMEISTER, District Attorney of Nye County, Nevada, Plaintiff,

v.

RAYTHEON SERVICES NEVADA, a Delaware corporation, Defendants.

STATE OF NEVADA, ex rel. Arthur F. WEHRMEISTER, District Attorney of Nye County, Nevada, Plaintiffs,

v.

EG & G ENERGY MEASUREMENTS, INC., a Nevada corporation, Defendants.

STATE OF NEVADA, ex rel. Arthur F. WEHRMEISTER, District Attorney of Nye County, Nevada, Ronald C. Bain, et al., Plaintiffs,

v.

WACKENHUT SERVICES, INC., a Florida corporation, Defendants.

STATE OF NEVADA, Plaintiff,

v.

REYNOLDS ELECTRICAL & ENGINEERING, et al., Defendants.

Nos. CV–S–94–656–PMP (RLH), CV–S–94–675–PMP (RLH) to CV–S–94–678–PMP (RLH).

United States District Court, D. Nevada.

Oct. 30, 1996.

Loretta C. Argrett, Gerald A. Role, David M. Katinsky, Alan J.J. Swirski, U.S. Department of Justice, Washington, D.C., Kathryn E. Landreth, United States Attorney, Carlos A. Gonzalez, Asst. U.S. Atty., Las Vegas, NV, for Plaintiffs.

Stewart Bell, District Attorney, Zev E. Kaplan, Deputy District Attorney, Las Vegas, NV, for Clark County & Dutton.

Arthur F. Wehrmeister, Rachel H. Nicholson, Nye County Deputy District Attorneys, Tonopah, NV, for Merlino and Nye County.

Jerald L. Wilkerson, Las Vegas, NV, for Nye County.

Booker T. Evans, Dawson & Associates, Las Vegas, NV, for Wackenhut Services, Inc., Raytheon Services, and EG & G Energy.

## ORDER

PRO, District Judge.

Presently before the Court is Plaintiff United States' Motion for Partial Summary Judgment (# 28) filed on June 14, 1996. Defendants and Third–Party Plaintiffs Reynolds Electrical and Engineering ("Reynolds"), EG & G Energy Measurements, Inc. ("EG & G"), Raytheon Services Nevada ("Raytheon"), and Wackenhut Services, Inc. ("Wackenhut") joined (# 30) in the Motion for Partial Summary Judgment against Nye County on July 13, 1996. Defendant Nye County (# 33) and Defendants Clark County and Jean Dutton (# 34) ("Defendants") filed Oppositions to the United States' Motion for Partial Summary Judgment on July 12, 1996. On July 29, 1996, Defendant Nye County filed a request for Oral Argument (# 40).

Plaintiff United States filed a Reply (# 41) to Clark County's Opposition Brief on August 2, 1996, and a Reply (# 42) to Defendant Nye County's Opposition on August 5, 1996. On August 19, 1996, Defendants and Third–Party Plaintiffs Reynolds, EG & G, Raytheon, and Wackenhut joined (# 48) in the United States' Reply to Defendant Nye County's Opposition Brief.

Defendant Clark County and Jean Dutton filed a Motion for Summary Judgment (# 27) on June 13, 1996. The United States filed an Opposition (# 31) to Clark County's Motion

for Summary Judgment on July 26, 1996. Clark County filed a Reply (# 39) to the United States' Opposition brief on July 26, 1996.

On August 7, 1996, the United States filed a Notice of Withdrawal of Prospective Claims against Clark County and J.E. Dutton (# 45). This notice sought to withdraw claims against Clark County and J.E. Dutton to the extent that the complaint could be read to request declaratory and injunctive relief. Clark County filed an Opposition to the Notice to Withdrawal (# 47) on August 15, 1996. On September 13, 1996, this Court entered an Order denying the United States' Notice of Withdrawal, and set a September 30, 1996, deadline for any Motion to Amend the United States' complaint.

On September 23, 1996, the United States filed a Motion for Leave to Amend its complaint (# 50). Defendants Clark County and J.E. Dutton filed an Opposition (# 54) to the United States' Motion to Amend on October 3, 1996. The United States filed a reply (# 62) to this opposition on October 10, 1996. By separate Order the Court has this date GRANTED the United States' Motion to Amend (# 50). The United States' amended complaint (# 51) seeks a refund of taxes paid to Nye and Clark Counties pursuant to former Nevada Revised Statutes sections 361.157 and 361.159, and declaratory and injunctive relief against Nye County as to the collection of taxes under current sections 361.157 and 361.159.

On October 15, 1996, the Court conducted a hearing regarding Plaintiff United States' Motion for Summary Judgment (# 28).

### Procedural Background

This is a consolidated action that began with *United States v. Nye County, Nevada; Bernie C. Merlino, Nye County Assessor; Clark County, Nevada; and J.E. Dutton, Clark County Assessor,* Case No. CV–S–94–0656–PMP, filed July 26, 1994, in which the United States sought declaratory and injunctive relief against the assessment and collec-

tion of real and personal property taxes under Nevada Revised Statutes sections 361.157 and 361.159 [1] on the alleged leasehold interest, beneficial or possessory interest, and/or beneficial use interest of United States' property by Reynolds, EG & G, Raytheon, and Wackenhut [2]. The United States also sought a refund of taxes paid by the Government Contractors and Fenix & Scisson of Nevada ("FSN") and Holmes & Narver, Inc. ("H & N") from 1988–94 pursuant to sections 361.157 and 361.159, along with prejudgment interest.

This case was consolidated with four others in which the State of Nevada, through Arthur R. Wehrmeister, District Attorney for Nye County Nevada, sought to collect taxes due under sections 361.157 and 361.159 from Raytheon, EG & G, Wackenhut, and Reynolds.

### Facts

The Government Contractors are under contract with the Department of Energy ("DOE") to manage, operate and support various aspects of DOE facilities at the Nevada Test Site ("NTS") in Nye County and the Nuclear Testing Program in Clark County. From 1988–92, the DOE reimbursed its contractors for taxes paid to Nye County pursuant to former sections 361.157 and 361.159 in the amount of $4,095,237.44 and to Clark County in the amount of $1,563,417.02.

Former section 361.159 taxed the leasehold interest, possessory interest, beneficial interest or beneficial use by a lessee or user of personal property that is otherwise exempt from taxation. Section 361.157 taxes the similar use of exempt real estate. In 1991 the Ninth Circuit held former section 361.159 unconstitutional as a direct ad valorem tax upon United States' property, since it subjected a user or lessee to taxation to the same extent as the owner of the underlying property. The Nevada State Legislature repealed former sections 361.157 and 361.159, and enacted the current statutes, which limit taxation by segregating and identifying the

---

1. All citations are to Nevada Revised Statutes unless otherwise noted.

2. These Defendants and Third Party Plaintiffs will be collectively referred to as "the Government Contractors."

portion of the property and the percentage of time during the fiscal year the property was leased by the lessee or used by the user. *See* Nev.Rev. Statutes sections 361.157 and 361.159 subsections (1)(a) and (b). Neither the Government Contractors nor the United States paid these taxes under protest as required by section 361.420, or appealed to the State Board of Equalization under section 361.360, or filed for a refund within the three month statute of limitation under sections 361.420(3).

## Standard of Review

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56.

The party moving for summary judgment has the initial burden of showing the absence of a genuine issue of material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Zoslaw v. MCA Distributing Corp.*, 693 F.2d 870, 883 (9th Cir.1982), *cert. denied*, 460 U.S. 1085, 103 S.Ct. 1777, 76 L.Ed.2d 349 (1983). Once the movant's burden is met by presenting evidence which, if uncontroverted, would entitle the movant to a directed verdict at trial, the burden then shifts to the respondent to set forth specific facts demonstrating that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). If the factual context makes the respondent's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986); *California Architectural Bldg. Prods, Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir.1987), *cert. denied*, 484 U.S. 1006, 108 S.Ct. 698, 98 L.Ed.2d 650 (1988).

If the party seeking summary judgment meets this burden, then summary judgment will be granted unless there is significant probative evidence tending to support the opponent's legal theory. *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 290, 88 S.Ct. 1575, 1593, 20 L.Ed.2d 569 (1968), *reh'g denied*, 393 U.S. 901, 89 S.Ct. 63, 21 L.Ed.2d 188 (1968); *Commodity Futures Trading Com. v. Savage*, 611 F.2d 270 (9th Cir.1979). Parties seeking to defeat summary judgment cannot stand on their pleadings once the movant has submitted affidavits or other similar materials. Affidavits that do not affirmatively demonstrate personal knowledge are insufficient. *British Airways Board v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir.1978), *cert. denied*, 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 241 (1979), *reh'g denied*, 441 U.S. 968, 99 S.Ct. 2420, 60 L.Ed.2d 1074 (1979). Likewise, "legal memoranda and oral argument are not evidence and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment." *Id.*

A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the differing versions of the truth. *See Admiralty Fund v. Hugh Johnson & Co.*, 677 F.2d 1301, 1305–06 (9th Cir. 1982); *Admiralty Fund v. Jones*, 677 F.2d 1289, 1293 (9th Cir.1982).

All facts and inferences drawn must be viewed in the light most favorable to the responding party when determining whether a genuine issue of material fact exists for summary judgment purposes. *Poller v. CBS, Inc.*, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). After drawing inferences favorable to the respondent, summary judgment will be granted only if all reasonable inferences defeat the respondent's claims. *Admiralty Fund v. Tabor*, 677 F.2d 1297, 1298 (9th Cir.1982).

The trilogy of Supreme Court cases cited above establishes that "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp.*, 477 U.S. at 327,

106 S.Ct. at 2555 (quoting Fed.R.Civ.P. 1). *See also Avia Group International, Inc. v. L.A. Gear California, Inc.*, 853 F.2d 1557, 1560 (Fed.Cir.1988).

### Discussion

In its Motion for Partial Summary Judgment (# 28), the United States argues that it is entitled to a refund of taxes paid under former sections 361.157 and 361.159, and that these statutes, as amended, discriminate against the United States in violation of the Supremacy Clause of the United States Constitution.

In its Motion for Summary Judgment (# 27), filed on June 13, 1996, Clark County argues: 1) Government Contractors are not immune from taxation pursuant to current sections 361.157 and 361.159, 2) the United States' claim to a refund of taxes is barred by procedural defaults and the statute of limitations, and 3) certain entities were not joined as necessary parties under Federal Rule of Civil Procedure 19. As the United States' amended complaint (# 51) does not seek declaratory or injunctive relief against Clark County with regard to current sections 361.157 and 361.159, Clark County's arguments as to governmental immunity are rendered moot and will not be addressed by this Court.

This Order will first address the issue of the refund of taxes paid by the United States under former sections 361.157 and 361.159. Secondly, it will discuss the joinder of certain entities as necessary parties under Federal Rule of Civil Procedure 19. Finally, it will address whether current section 361.157 discriminates against the United States in viola-

tion of the Supremacy Clause of the United States Constitution.

### I. The Refund of Taxes Paid Pursuant to Former Sections 361.157 and 361.159

■ In 1991 the Ninth Circuit held former section 361.159 unconstitutional as a direct ad valorem tax on the property of the United States. *United States v. Nye County, Nevada,* 938 F.2d 1040 (9th Cir.1991), *cert. denied,* 503 U.S. 919, 112 S.Ct. 1292, 117 L.Ed.2d 515 (1992).[3] The United States now seeks a refund of taxes collected from the Government Contractors under former sections 361.157 and 361.159. The Defendants argue that no refund is due since section 361.157 was repealed, not found unconstitutional, and that any claim for a refund is barred by procedural defaults, the statute of limitations, laches, estoppel and waiver.

### A. The Nye County Decision.

■ In *Nye County,* the Ninth Circuit Court of Appeals found section 361.159 unconstitutional because it taxed the use of exempt property "in the same amount and to the same extent as though the lessee or user were the owner of the property." 938 F.2d at 1043. Nye County had assessed taxes against an United States Air Force general contractor, Arcata. The court held the statute taxed the government contractor as if it were the owner of the property, and therefore was effectively an ad valorem tax on United States' property. *Id.* at 1043.[4]

The court in *Nye County* found that while it was *possible* for Nye County to enact a statute taxing a lessee's possessory interest or a user's beneficial interest in property of

---

**3.** Clark County alleges that the Ninth Circuit Court of Appeal's decision in *Nye County* was improper under the Full Faith and Credit Act (28 U.S.C. § 1738) since it ignored an earlier Nevada Supreme Court holding that section 361.159 was not a direct tax on the United States' property. *See United States v. State of Nevada ex rel. Beko,* 88 Nev. 76, 493 P.2d 1324 (1972). However, the Ninth Circuit Court of Appeals has held that for the limited purpose of determining whether or not a tax affects federal immunity, federal courts are not bound by a state court's characterization of a tax. *United States v. Nevada Tax Commission,* 439 F.2d 435, 439 (1971).

**4.** Defendants allege that the United States' claim for a refund is barred by the doctrine of res judicata, since any such claim should have been raised in the *Nye County* case. However, res judicata is inapplicable because *Nye County* involved a different government contractor, different taxes, and the use of different property. Since the identity of parties and issues required to invoke res judicata is not present, the *Nye County* decision does not bind the parties in this case.

the United States, the statute under which Nye County had taxed Arcata was not such a statute. *Id.* at 1043. The court noted that Nye County had made no attempt·to segregate and tax any possessory interest Arcata may have had in the property. However, the court did not find the statute unconstitutional only as applied to Arcata. Noting the significance of the wording of the statute, it held that section 361.159 unconstitutionally placed the legal incidence of taxation on the property of the United States. *Id.*

 Although Defendant Clark County argues extensively that *Nye County* was incorrectly decided by the Ninth Circuit, it offers no case law that disapproves or overrules the *Nye County* decision. Clark County cites several Supreme Court cases from the 1950's, including *Detroit v. Murray Corp.,* 355 U.S. 489, 78 S.Ct. 458, 2 L.Ed.2d 441 (1958), which upheld Michigan statutes dealing with taxation of the possessory use of government property. Clark County argues that since Nevada adopted former sections 361.157 and 361.159 from the Michigan statutes, the Ninth Circuit Court of Appeals should have upheld the statutes at issue in *Nye County.* This argument fails, since the court was dealing with Nevada statutes, and was not bound by the Michigan cases. Furthermore, the court in *Nye County* noted *United States v. City of Detroit,* 355 U.S. 466, 78 S.Ct. 474, 2 L.Ed.2d 424 (1958), and found that the Nevada law was not similar to the statute the Supreme Court upheld in that case. Therefore, this Court is bound by stare decisis to follow the Ninth Circuit Court of Appeals' holding that former section 361.159 was an unconstitutional tax on United States' property.

Defendants Clark and Nye Counties have failed to show how the statute was applied to the present Government Contractors in a different manner than to Arcata in the *Nye County* decision. They have made no showing that the taxes at issue were based on a segregated possessory interest of the Government Contractors, rendering them a constitutional application of an unconstitutional statute. The Defendants only argue that because the Government Contractors, in the assessment procedure under former sections

361.157 and 361.159, filled out forms regarding their "possessory interest," they admitted a possessory interest in the United States' property. Therefore, Defendants allege, this *interest,* and not United States' property, was the incidence of the tax. This argument fails, since the Defendants have made no showing that the Contractors' possessory use, even if admitted, was isolated or segregated in such a way that former sections 361.157 and 361.159 were applied in a constitutional manner.

### B. Taxes Collected Under Former Section 361.157.

The *Nye County* decision only addressed former section 361.159, which dealt with the taxation of the use or possessory interest in personal property. Section 361.157 deals with the taxation of the use or possessory interest in real estate, and was amended in 1993 along with section 361.159 without any judicial finding or explicit statement by the Nevada Legislature that it was unconstitutional. Defendants therefore argue that section 361.157 was merely repealed, and the United States is not entitled to any refund for a claim made after the statute was repealed.

 This Court is faced with the issue of whether the United States is entitled to a refund of taxes paid pursuant to a statute which was never judicially or legislatively declared unconstitutional. While a federal court should not address a constitutional issue if it is unnecessary,[5] determining the constitutionality of former section 361.157 is necessary in order to determine if the United States is entitled to a refund of taxes paid under that statute. It is also proper for a district court to sua sponte raise issues concerning the facial validity of a particular provision. *Lind v. Grimmer,* 859 F.Supp. 1317, 1331 (D. Hawaii 1993), *aff'd,* 30 F.3d 1115 (1994). Former sections 361.157 and 361.159 used the exact statutory language and legal incidence of taxation that the Ninth Circuit Court of Appeals invalidated in *Nye County.* It subjected exempt real estate that is leased, loaned or otherwise made available to

---

5. *See Ashwander v. TVA,* 297 U.S. 288, 341–56, 56 S.Ct. 466, 480–87, 80 L.Ed. 688 (1936).

another subject to taxation in the same amount and to the same extent as though the lessee or user were the .owner of the real estate. *See* Nev.Rev.Stat. § 361.157 (1991).

The fact that the Nevada State Legislature viewed both these laws as unconstitutional in light of the *Nye County* decision is illustrated by the fact that both section 361.157 and section 361.519 were amended in 1993 through Ch. 562 A.B. No. 735, adding the identical language to limit the measurement of possessory use.[6] Additionally, both statutes contained the same legislative finding, that the statutes were being changed to ensure a uniform and equal rate of assessment, and taxation as required by Section 1 of Article 10 of the Constitution of the State of Nevada. *See* sections 361.157 and 361.159 Reviser's Note (Nev.Rev.Stat.1995).

This Court holds that the taxes collected under former section 361.157 for the use of the United States property involved in this case were unconstitutional direct taxes on the property of the United States under the analysis of the Ninth Circuit's holding in *Nye County*. The factual basis for this finding is that the dispositive language of former sections 361.157 and 361.159 was identical, that the statutes were amended through one legislative enactment, that the legislative justification for amending the two statutes was the same, and that the statutes were amended by adding identical language.

### C. Standard for the Refund of Unconstitutional Taxes.

■ A failure to allow recovery of taxes collected in violation of the laws or Constitution of the United States is itself a violation of the Fourteenth Amendment. *See Reich v. Collins,* 513 U.S. 106, 108–09, 115 S.Ct. 547, 549, 130 L.Ed.2d 454 (1994) (quoting *Carpenter v. Shaw,* 280 U.S. 363, 50 S.Ct. 121, 74 L.Ed. 478 (1930)). Since the Ninth Circuit Court of Appeals held that taxes collected pursuant to section 361.159 were unconstitutional taxes on the property of the United

States, the United States is entitled to a refund of taxes paid.

Defendants cite *United States v. California,* 507 U.S. 746, 113 S.Ct. 1784, 123 L.Ed.2d 528 (1993), for the proposition that the United States is a subrogee of the Government Contractors, and that claims for a refund are barred by procedural defaults and the applicable statute of limitations. The *California* case is distinguishable. In *California,* the United States did not allege that the tax at issue was unconstitutional, but that certain property of government contractors was incorrectly assessed. *Id.* at 747–49, 113 S.Ct. at 1786. The Court held that the State of California was not taxing the United States, and therefore the United States stood as a subrogee to the contractor's claim. *Id.* at 753–55, 113 S.Ct. at 1789–90. The contractors' rights in that case had lapsed before the United States brought suit as a subrogee, and therefore any claims by the United States were barred. *Id.* at 755–57, 113 S.Ct. at 1790.

The United ·States does not stand as a subrogee of the Government Contractors in the present action. The *Nye County* decision held that the tax under former section 361.159 fell directly on the United States. Therefore, any claim that the United States brings for a refund of taxes paid under the statute is a sovereign claim of the United States. This claim arose at the time the unconstitutional tax was paid by the United States, and as a result was not barred by Nevada's statute of limitations before the United States right to a refund arose.

### D. Defendant's Affirmative Defenses.

#### 1. Statute of Limitations, Procedural Defaults and Laches

■ The Supreme Court has held that, "state notions of laches and state statutes of limitations have no applicability to suits by the Government . ·." *Board of Comm'rs of the County of Jackson v. United States,* 308 U.S. 343, 351, 60 S.Ct. 285, 288, 84 L.Ed. 313 (1939). *See also, United States v. Summer-*

---

**6.** The language added in 1993 to sections 361.157 and 361.159 was to tax a use of exempt property to the extent the "(a) Portion of the property leased or used; and (b) Percentage of time during the fiscal year that the property is leased by the lessee or used by the user, can be segregated and identified." Nev.Rev.Stat. sections 361.157 and 361.159 (1995).

*lin,* 310 U.S. 414, 416, 60 S.Ct. 1019, 1020, 84 L.Ed. 1283 (1940). The right of the United States as a sovereign to recover an illegal tax is not dependent on compliance with provisions of state law. *United States v. State Tax Comm'n,* 645 F.2d 4, 5 (5th Cir.), *cert. denied,* 454 U.S. 896, 102 S.Ct. 394, 70 L.Ed.2d 211 (1981). In the absence of a federal statute expressly imposing or adopting a limitations period, the United States is not bound by any such period. *United States v. Thornburg,* 82 F.3d 886, 893 (9th Cir.1996) (quoting *United States v. Dos Cabezas Corp.,* 995 F.2d 1486, 1489 (9th Cir. 1993)).

Defendants argue that because the United States is a subrogee of the Government Contractors, its claim is barred by the Contractor's failure to follow Nevada state procedural rules and statute of limitations. However, as discussed *supra,* the United States is vindicating a sovereign right, and state laws do not bar its claim. Such a sovereign right cannot be limited by state procedural rules and statutes of limitations.

### 2. Estoppel and Waiver.[7]

 Estoppel is an equitable doctrine used to avoid injustice in cases where one party has made a misrepresentation to another party, and the second party actually relies on this misrepresentation. The party who made the misrepresentation will be estopped from recovering damages or other relief due to its improper conduct. *Heckler v. Community Health Servs.,* 467 U.S. 51, 59, 104 S.Ct. 2218, 2223–24, 81 L.Ed.2d 42 (1984) (quoting Second Restatement of Torts section 894(1) (1979)). When estoppel is used as a defense against the United States, a party attempting to invoke estoppel bears a heavy burden. *Id.* at 61, 104 S.Ct. at 2224–25. In his concurring opinion in *Heckler,* Justice Rehnquist noted that as a general rule, laches or neglect of duty on the part of officers of the United States is no defense to a suit brought to enforce a public right or protect a public interest. *Id.* at 67, 104 S.Ct. at 2227–28 (quoting *Utah Power and Light Co. v.*

*United States,* 243 U.S. 389, 37 S.Ct. 387, 61 L.Ed. 791 (1917)).

 The United States may not be estopped on the same terms as any other litigant. *Heckler,* 467 U.S. at 60, 104 S.Ct. at 2224. When a party seeks to invoke equitable estoppel against the United States, in addition to the traditional elements of detrimental, reasonable reliance on a misrepresentation of fact, the party must show that the United States engaged in affirmative conduct going beyond mere negligence. They also must show that the public interest would not suffer undue damage as a result of the application of this doctrine. *United States v. Hemmen,* 51 F.3d 883 (9th Cir.1995). These additional elements must be shown as a threshold matter before deciding whether the traditional elements of estoppel are present. *Purcell v. United States,* 1 F.3d 932 (9th Cir.1993). In *Hemmen,* the court found that the Internal Revenue Service's failure to object to a proposed distribution, of which it was aware, was not enough to invoke estoppel. *Id.* at 892. Failure to act cannot be characterized as the affirmative conduct going beyond mere negligence that is necessary to invoke estoppel against the United States. *Id.* at 892.

 Claims for estoppel against the United States cannot be entertained where public money is at stake. *United States v. Fowler,* 913 F.2d 1382 (9th Cir.1990) (quoting *Office of Personnel Management v. Richmond,* 496 U.S. 414, 110 S.Ct. 2465, 110 L.Ed.2d 387 (1990)). In *Fowler,* the court held that a property owner who was not eligible for flood insurance under the National Flood Insurance Act could not invoke estoppel to prevent the United States from seeking a return of money distributed. *Id.* at 1385–86. The court found that permitting the defendants to invoke the estoppel doctrine would be allowing them to retain money that Congress never appropriated. *Id.* at 1386. Waiver was also found improper as a defense, and the court held that the United States was neither bound nor estopped by the acts of its officers

---

7. Although Defendants allege Waiver as a separate defense, all arguments relate to prohibiting the United States from seeking relief due to the United States' alleged delay in seeking a refund and the Counties' allocation of taxes collected to local government agencies. Therefore this Court will analyze the relevant legal and factual issues under its analysis of the defense of estoppel.

or agents who undertook actions that the law did not sanction or permit. *Id.* at 1386.

In *Heckler,* the Supreme Court held that the detriment to a party attempting to invoke estoppel against the United States must be something more than its inability to retain money that it should never have received in the first place. *Id.* at 61, 104 S.Ct. at 2224–25. The detriment must be severe and imposed in an unfair way. *Id.* at 66, 104 S.Ct. at 2227. The Ninth Circuit found that the ability to obtain money a defendant never should have received to begin with is not the type of detrimental reliance or harm that will support an invocation of estoppel against the government. *United States ex rel. Hagood v. Sonoma County Water Agency,* 929 F.2d 1416 (9th Cir.1991), *Id.* at 1422.

■ Following the reasoning of the *Heckler, Fowler,* and *Hemmen* cases, this Court holds that the fact that the Government Contractors did not follow Nevada's procedural rules in filing under protest or appealing to the Board of Equalization will not bar the government's claim. Defendants have shown no affirmative act going beyond mere negligence on the part of United States officials that would warrant an invocation of estoppel. At most the United States was negligent in not filing under protest or pursuing a refund earlier, but this is not enough to bar the United States' claim.

Nye and Clark Counties have no right to retain money obtained from the United States in an unconstitutional manner. Defendants were on notice that taxation under section 361.159 was possibly unconstitutional when the United States filed its complaint in the *Nye County* case in 1986. As the wording of former sections 361.157 and 361.159 was virtually identical, they were also on notice that section 361.159 could possibly be challenged. The fact that Nye and Clark Counties have allocated to local governmental entities taxes which they were never legally entitled to is not a sufficient detriment to warrant invoking estoppel against the United States.

*E. Prejudgment Interest*

■ Where the United States seeks a refund of state taxes paid by the United States, an award of prejudgment interest is a matter left to the discretion of the trial court, taking in considerations of fairness and the goal of making the wronged party whole. *United States v. California State Bd. Of Equalization,* 650 F.2d 1127, 1132 (9th Cir. 1981). Interest is not recovered according to a rigid theory of compensation for money withheld, but given in response to considerations of fairness. *Board of Commr's v. United States,* 308 U.S. at 352, 60 S.Ct. at 289. It is not equitable to allow the United States to recover damages that were increased by its own inaction. *See Brooks v. Nez Perce County, Idaho,* 670 F.2d 835, 836 (1982). Due regard must be given to local institutions and interests, and special considerations come into play when the United States seeks a refund from a political subdivision of a state. *Id.* at 350–51, 60 S.Ct. at 288–89.

■ Looking at the factual circumstances of the United States' claim for a refund, this Court determines that an award of pre and post judgement interest would not reach the goal of fairness to the parties. The United States made no attempt to seek a refund under any of Nevada's procedural mechanisms. While this will not bar the United States from recovering a refund, it is a factor which weighs against an award of interest. The purpose of the State of Nevada's procedural mechanisms is to notify officials that a claim for a refund will be made. These procedures also allow officials to take adequate steps to ensure that if a refund is granted, the State will not be forced to seek a return of money previously allocated and perhaps spent by local agencies. Fairness does not require a defendant to pay interest for the use of money unless they should have known the money was not properly theirs. *Board of Commr's,* 308 U.S. at 353, 60 S.Ct. at 289. Defendants, based on the *Beko* decision by the Nevada Supreme Court upholding former section 361.159, had a good faith belief that the taxes were valid and would be upheld. Finally, since the United States did not seek a refund in the *Nye County* case, Defendants could have assumed in good faith that the United States would only seek de-

claratory relief, and not seek a refund of taxes paid.

Therefore, after carefully weighing the equities involved and the United States' interest in just compensation, this Court will not award interest on the refund due to the United States on taxes paid pursuant to former sections 361.157 and 361.159.

## II. Rule 19 Joinder

Defendant Clark County alleges a failure to join the State of Nevada, the Clark County School District, the City of Las Vegas, the City of North Las Vegas and other local governmental agencies [8] as necessary parties under Fed.R.Civ.P. Rule 19. Rule 19(a) provides:

> a person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest....

Fed.R.Civ.P. 19(a).[9]

The Local Entities do not qualify as necessary parties under any of the provisions of Rule 19. Complete relief between Clark County and the United States can be accorded through a judgment for one of the existing parties. The focus under a Rule 19(a)(1) analysis is complete relief among those already parties, not between the parties and the absent person whose joinder is sought. 3A James W. Moore, et al., Moore's Federal Practice ¶ 10.07–1[1]. Clark County argues that the Local Entities are necessary

because Clark County disbursed part of the taxes collected from the Government Contractors to these agencies. However, a judgment against the Clark County for the amount of taxes paid under the prior statute would afford complete relief to the United States. The fact that Clark County may later seek indemnification or contribution from Local Entities does not meet the Rule 19 requirement. Potential indemnitors are not parties whose joinder is required under Rule 19. See Pasco Int'l (London) Ltd., v. Stenograph Corp., 637 F.2d 496, 503 (1980).

The interest of the absent party must be a legally protected interest, not merely a financial interest or interest for convenience. Special Jet Servs., Inc. v. Federal Ins. Co., 83 F.R.D. 596, 599 (1979) (quoting 3A Moore's Federal Practice ¶ 19.07–1[2] ). There has been no showing that the Local Entities have any *legal* interest in this matter, nor that their ability to protect any such interest would be impaired or impeded if they are not joined under Rule 19. The constitutionality of section 361.157 and the issues involved in the United States' claim for a refund of taxes paid would not be the focus of a later suit by Local Entities. The interest of the Local Entities is primarily the method Clark County would use to recover money previously given to these entities. This would involve state procedural law and local issues, and would be dealt with more appropriately by Nevada State Courts.

Clark County has made no showing of how it could be subjected to inconsistent obligations under Rule 19(a)(2)(ii). Different issues would be involved in a suit between Clark County and the Local Entities, and there would not be multiple lawsuits on the same subject matter. Clark County lists the issues that would be determined in a subsequent suit as how, when and where tax money was allocated, and where and how additional money could be located to meet the refund demands. These issues are very different from the constitutionality of former

8. These entities will be collectively be referred to as the "Local Entities."

9. Clark County admits that joinder of the alleged necessary parties is feasible, since jurisdiction is

based on a federal constitutional question, and the parties are subject to service of process as Nevada residents. Rule 19(b) regarding indispensable parties is therefore inapplicable.

sections 361.157 and 361.159 and whether any defenses to granting a refund exist. As the advisory committee notes to Rule 19 state, "The interests that are being furthered (in Rule 19) are not only those of the parties, but also that of the public in avoiding repeated lawsuits on the *same essential subject matter.*" Fed.R.Civ.P. 19 advisory committee's notes. (emphasis added). Furthermore, any such suit is speculation on the part of Clark County. There has been no showing such a suit is probable or even contemplated by the local entities.

Clark County has not made a sufficient showing that complete relief cannot be accorded without the Local Entities, or that Clark County or the United States would be subject to multiple or otherwise inconsistent judgments, or that the Local Entities would as a practical matter be impaired in protecting any legal interest they might have. Therefore this Court finds that the Local Entities are not necessary parties that must be joined under Rule 19.

### III. The Allegation Section 361.157 Discriminates Against the United States in Violation of the Supremacy Clause.

The United States argues that section 361.157 violates the Supremacy Clause of the United States Constitution by discriminating against the United States and those with whom it deals. Section 361.157 states:

> When any real estate or portion of real estate which for any reason is exempt from taxation is leased, loaned or otherwise made available to and used by a natural person, association, partnership or corporation in connection with a business conducted for profit or as a residence, or both, the leasehold interest, possessory interest, beneficial interest or beneficial use of any such lessee or user of the property is subject to taxation to the extent the: (a) Portion of the property leased or used; and (b) Percentage of time during the fiscal year that the property is leased by the lessee or used by the user, can be segregated and identified . . .

Nev.Rev.Stat. § 361.157 (1995). There are thirteen exemptions under section 361.157, and the United States argues two render the statute unconstitutional. The first exemption is 2(a), which states that the tax does not apply to "[p]roperty located upon or within the limits of a public airport, park, market or fairground or any property owned by a public airport;" and 2(c), "[p]roperty of any state-supported educational institution." The United States argues that since these two exceptions apply only to Nevada's own contractors or contractors of its political subdivisions, and because Nevada seeks to tax the United States' contractors under section 361.157, the tax discriminates against the United States in violation of the Supremacy Clause.[10]

■ A state cannot tax the United States directly without the consent of Congress, but can tax private parties that deal with the United States, as long as the tax does not discriminate against the United States or those with whom it deals. *South Carolina v. Baker,* 485 U.S. 505, 523, 108 S.Ct. 1355, 1366–67, 99 L.Ed.2d 592 (1988). This is true even if the tax on a private party is ultimately paid by the United States. *Id.* The United States, under its contract with the Government Contractors, must pay all expenses incurred by in performance of those contracts.

### A. The Legal Test for Discrimination Against the United States.

■ In determining if a tax discriminates against the United States, the relevant inquiry is whether inconsistent treatment is directly related to and justified by significant differences between the two classes of taxpayers. *Davis v. Michigan Dept. Of Treasury,* 489 U.S. 803, 816, 109 S.Ct. 1500, 1508, 103 L.Ed.2d 891 (1989) (citing *Phillips Chem. Co. v. Dumas Indep. Sch. Dist.,* 361 U.S. 376, 383, 80 S.Ct. 474, 479, 4 L.Ed.2d 384 (1960)). An equal protection analysis is not controlling, since the United States' interests must

---

**10.** The United States argues that section 361.157 discriminates against the United States, *not* that the United States or the Government Contractors are immune from taxation.

be weighed in the balance.[11] *Id.* In *Davis,* the Supreme Court found unconstitutional a Michigan statute that exempted all retirement benefits paid by the State or its political subdivisions, but levied an income tax on retirement provisions paid by all other employers, including the federal government. *Id.* at 805, 109 S.Ct. at 1502. The Court found state and federal retirees to be similarly situated, and therefore a tax system that benefited state and taxed federal retirees unconstitutionally discriminated against the federal government. Since the nature of the two classes of taxpayers was virtually identical, the State's public policy justification for the discriminatory tax was deemed irrelevant. *Id.*

Similarly, in *Phillips Chem. Co. v. Dumas Indep. Sch. Dist.,* 361 U.S. 376, 80 S.Ct. 474, 4 L.Ed.2d 384 (1960), the Supreme Court held that it was necessary to determine how other taxpayers similarly situated are treated, which requires a examination of the entire tax structure. 361 U.S. at 383, 80 S.Ct. at 479. In *Phillips,* the Texas Legislature segregated federal lessees from other lessees of public lands and imposed a heavier tax on the federal lessees. *Id.* The Court found discrimination against the United States "apparent," but articulated a second inquiry of whether the discrimination was justified. *Id.* at 382, 80 S.Ct. at 478–79.

The State of Texas claimed that state leases were not comparable in size, value, or number of employees involved. The court rejected this distinction, because classification under the statute was not based on such factors. *Id.* The Court pointed out that both state and federal lessees used property for warehouse facilities, yet only state lessees were exempt. *Id.* at 384, 80 S.Ct. at 479–80. Because the statute at issue imposed taxes on *all* federal lessees, while exempting lessees of state land, the Court found it unconstitutional.

*B. The Facial Constitutionality of Section 361.157.*

 Utilizing the test set forth in *Davis* and *Phillips,* this Court finds that section

361.157 does not discriminate against the United States. The United States argues that the test is simply to say if that the Government Contractors performed their contract at University of Nevada, Las Vegas ("UNLV"), it would be exempt. This oversimplifies the analysis and ignores what the Supreme Court has identified as the key inquiries: 1) whether the property is similarly situated, and if so, 2) the nature of the differences justifying the different tax treatment. Federal military contractors, managing, operating, and supporting various aspects of DOE facilities at the Nevada Test Site and through the Nuclear Testing Program in Clark County are not similarly situated to a lessee of a convention center or a sports stadium at a state educational institution. These Government Contractors logically could not and would not perform similar activities at Nellis and UNLV's Thomas and Mack Center.

Nevada does not benefit itself under section 361.157 by exempting state public land while taxing similar federal land, as was the case in *Phillips.* There is no general exemption for lessees of state land under the Nevada statute. There is no distinction between state and federal airports, parks, markets or fairgrounds in the statute. Looking at the entire taxing system, no discrimination is apparent on the face of the statute.

Furthermore, even if such a statute did discriminate against the United States, the second step of the analysis is to determine whether it is justified by significant differences among the classes. The classification under section 361.157 is not directed at benefiting the State of Nevada or its political subdivisions at the expense of the United States, but at facilitating the use of a certain nature of land, whether it is state or federal. Only lessees of public parks, markets, fairgrounds and airports are exempted. The intent to facilitate public use of land, whether state or federal, is clear from the face of the statute.

---

**11.** The Nevada Supreme Court upheld former section 361.157 against an argument that it discriminated against the United States, but did so using an Equal Protection analysis under the Fourteenth Amendment. *United States v. Nevada, ex rel. Beko,* 88 Nev. 76, 493 P.2d 1324 (1972).

In *Chrysler Corp. v. Township of Sterling, Macomb County, Mich.,* 410 F.2d 62 (6th Cir.1969), the court upheld a provision exempting property of state supported educational institutions and concessions in a public airport, park, market, fairground or similar property. *Id.* at 66. The court found that there was no discriminatory purpose evident from the Legislative history, and noted the "well recognized policy of both the United States and the State of Michigan to protect, promote and support education, including colleges and universities." *Id.* at 70. The court also noted that the concessions exception applied equally to state and federal property, and held that it did not discriminate against the United States. *Id.* at 71–72.[12]

### C. The Constitutionality of Section 361.157 as Applied to the Government Contractors.

The United States argues that since there are no federal public parks, markets, fairgrounds, airports or educational institutions, the State of Nevada and its political subdivisions are receiving a benefit at the expense of the federal government, even if the statute is facially valid. This argument was rejected by the Seventh Circuit, sitting en banc, in *United States v. Hynes,* 20 F.3d 1437 (7th Cir.1994). In *Hynes,* the United States purchased buildings constructed on United States government property through an installment contract. Under 40 U.S.C. section 602a(d), the United States provided that any interest acquired through such a method was subject to state and local taxes until title passed to the United States. *Id.* at 1439. Illinois Revised Statute, Ch. 120 ¶ .500.9a provided that property purchased through an installment contract used exclusively for governmental purposes was exempt, unless the

governmental body had consented to the tax. *Id.* at 1439–40. The district court found that the Illinois Legislature was aware of federal consent to taxation through section 602a(d) and that state and local governments had not consented to taxation when it created the provision at issue.

The United States claimed that the statute discriminated against it in fact, although it was neutral on its face, since there were no local or state bodies in Illinois which permitted such property to be taxed. The Seventh Circuit Court of Appeals held that assuming this were true, the statute did not unconstitutionally discriminate against the United States. *Id.* at 1441. The court noted that the sole cause of the difference in treatment was Congress' decision to subject section 602a(d) property to state and local taxes. If that provision were withdrawn by the federal government, the differences in treatment would disappear. *Id.* The court stated, "The present Illinois statute is not discriminatory on its face. It calls for a difference in tax treatment which does not depend on the identity of the governmental body acquiring the property, but on whether that governmental body permits taxation of the property." *Id.* at 1443.

 Section 361.157 also is not discriminatory on its face. The difference in tax treatment does not depend on the identity of the governmental body acquiring the property, but on the nature of the property itself. Only public parks, markets, fairgrounds, airports, and state-educational institutions are exempt.[13] There is no indication that if the United States chose to open its land to the public as a park or fairground that the exemptions would not apply to a federal lessee. As in the *Hynes* case, choices made by the

---

12. Although the Court used the "reasonable and valid" language of a rational basis review under the Equal Protection Clause, rather than the Supremacy Clause analysis the Supreme Court later found appropriate in the *Davis* case, the Sixth Circuit's analysis illustrates that public parks, fairgrounds and state-educational institutions are not similarly situated to other state or federal land, and articulates the justifications for exempting certain property from state taxation based on the property's distinctive characteristics.

13. Affidavits submitted by the United States prove the Las Vegas Stars and Las Vegas Thunder lease UNLV's Thomas and Mack Center and Cashman field, and that such use is exempt under sections 361.157 and 361.159. However, the United States has failed to prove that it leases *similarly situated* property which has been or will be subject to tax under the statute.

United States as to the manner in which its property is utilized are the determining factor.

An examination of the types of statutes that have been found to be discriminatory illustrates that they are very different from the provisions of section 361.157. In *Davis,* state retirement benefits were exempt, and federal retirement benefits were taxed. 489 U.S. at 805, 109 S.Ct. at 1502. In *Phillips,* the Texas legislature segregated federal lessees and imposed a heavier tax burden on them under a separate statute. 361 U.S. at 381–82, 80 S.Ct. at 478–79. In *Memphis Bank & Trust Co. v. Garner,* 459 U.S. 392, 103 S.Ct. 692, 74 L.Ed.2d 562 (1983), interest on Tennessee state bonds was exempt, and interest on federal bonds was taxed. *Id.* at 394, 103 S.Ct. at 694. In *United States v. City of Manassas,* 830 F.2d 530 (4th Cir. 1987) *aff'd,* 485 U.S. 1017, 108 S.Ct. 1568, 99 L.Ed.2d 884 (1988), the statute exempted land owned by the Virginia Port Authority or any transportation district organized under the Transportation District Act of 1964, both of which were state entities. No distinction was made as to nature of the property. *Id.* at 531. The sole basis for distinction was ownership of the property, state property was exempt, federal property was taxed. To accept the United States' position that section 361.157 discriminates against it would reach beyond the narrow bounds of Supreme Court precedent and other persuasive authority.

Under Supremacy Clause analysis, weighing the United States' interest in the balance, the key issue remains whether the State of Nevada and Nye County are treating those who deal with the United States as well as those with whom Nye County itself deals. *Marquardt Corp. v. Weber County,* 360 F.2d 168, 172 (10th Cir.1966) (citing *Phillips,* 361 U.S. at 385, 80 S.Ct. at 480). The court in *Marquardt* noted that an exception for the beneficial use of public lands, for religious, educational or charitable organizations was not discriminatory "in any respect." *Id.* The court further noted that an exception for concessions in airports, parks and fairgrounds was not discriminatory simply because the state or its political subdivisions were most likely to own the property used by these concessions. *Id.* The court could not discern any inherent discrimination in the exemption of concessions in public places although such public places may belong largely to the State. *Id.*

Utilizing the test set forth by the Supreme Court in the *Phillips* and *Davis* cases, this Court finds that exceptions 2(a) and (c) under section 361.157 do not discriminate against similarly situated lessees of the United States, and that any differences in treatment are justified by the nature of the property falling under the exceptions.

### CONCLUSION

The issues remaining to be tried in this case are 1) Whether the Government Contractors have a taxable interest in property owned by the United States in Nye County, 2) Whether current sections 361.157 and 361.159 isolate the possessory or beneficial interest, or beneficial use of Government Contractors in the property of the United States in Nye County, and 3) Whether Nye County and Merlino should be enjoined from assessing or collecting taxes pursuant to sections 361.157 and 361.159. Trial will proceed as scheduled on the Court's stacked trial calendar on these remaining issues.

IT IS THEREFORE ORDERED THAT Plaintiff's Motion for Partial Summary Judgment (# 28) is GRANTED as to a refund of taxes paid under former sections 361.157 and 361.159 in the amount of $4,095,237.44 as to Nye County, and $1,563,417.02 as to Clark County, and is DENIED in all other respects.

IT IS FURTHER ORDERED THAT Defendant Clark County and J.E. Dutton's Motion for Summary Judgment (# 27) is DENIED.